THE MANISTEE MANUFACTURING COMPANY v. MASON G.
            COGSWELL AND MARGARET COGSWELL.

*Ejectment—Boundaries—Acquiescence—Estoppel—Survey—Evidence.*

1. In ejectment for a strip of land adjoining that of the defend-
   ant, it was claimed by him that the line between his land and
   that of the plaintiff had become established by the verbal
   agreement and acquiescence of the plaintiff, so that the strip
   of land in dispute had become a part of defendant's land.
   And it is held that the defendant had a right to make this
   defense in said suit.

2. Mere non-interference by the plaintiff with the defendant's
   occupancy of the disputed strip of land will not constitute a
   defense until such occupancy has ripened into a title by
   adverse possession, unless there has been some agreement,
   express or implied, fixing the disputed line so as to entitle the
   defendant to such occupancy; but an acquiescence for less than
   the statutory period, under circumstances which imply an
   assent, and which has been followed by a change in the con-
   dition of the parties, made on the strength of such acquies-
   cence, is sufficient; citing *Smith v. Hamilton*, 20 Mich. 433;
   *Joyce v. Williams*, 26 Id. 332; *Cronin v. Gore*, 38 Id. 381;
   *Bird v. Stark*, 66 Id. 654; *Jones v. Pashby*, 67 Id. 459.

3. Where in such a case there is room under the testimony for
   the jury to say that the assent of plaintiff to the location of
   the line as claimed by the defendant depended upon defend-
   ant's establishing such location by a survey, and that, when
   the plaintiff saw the defendant erecting a building up to the
   line as claimed by him, it was upon the understanding that
   the defendant had located said line by an actual survey of the
   land, the question whether or not there has been such an
   acquiescence as to estop the plaintiff is for the jury.

4. In an action of ejectment involving a disputed boundary line,
   a surveyor, who had made a survey of the property, testified
   that he had taken pains to establish the correctness of a stake
   designating a section corner, used by him as a starting point;
   that he had used it for many years as a surveyor; that he
   knew it to be approximately the location of the original gov-
   ernment section corner; that he had used said corner as thus
   located so frequently with reference to other surveys that he
   was perfectly sure of its correctness; and that, if it were not

correct, the street to the north and the street to the west and the abutting lots would all be thrown out of line. And it is held that the witness was shown by this testimony to be sufficiently familiar with the location of the stake to justify the inference by the jury that he had correctly located the starting point of his survey.

Error to Manistee. (Judkins, J.) Argued October 26, 1894. Decided January 22, 1895.

Ejectment. Plaintiff brings error. Reversed. The facts are stated in the opinion.

*Dovel & Smith,* for appellant.

*Smurthwaite & Fowler,* for defendants.

MONTGOMERY, J. This is an action of ejectment to recover a strip of land 60¼ feet long, and 16 inches wide at one end and nine inches wide at the other. The plaintiff's testimony tended to show title to the strip of land in question. The defendants showed ownership of the piece of land adjoining on the north, and claimed that the line between the two properties had become established so that the strip of land in question became parcel of the lot owned by defendants. They also adduced some testimony tending to show an adverse occupancy for the statutory period; but the testimony on this point was not conclusive, and, as the circuit judge directed a verdict for the defendants on the ground that there had been a boundary line established between the parties by an agreement and acquiescence, the question of adverse possession need not be considered at length.

The testimony shows that, some 13 years or more prior to the commencement of suit, a fence was built as a boundary of defendants' lot, by their predecessor in title. The fence remained until 1883, when it, together with the buildings on the premises, burned down. In 1884

defendant Mason G. Cogswell bought, and built a building inside the former fence line. Plaintiff's manager (Mr. Long) testified as follows:

"Remember when defendant put up his building, in 1883. Remember seeing him build his building. I have no recollections of talking with him about the location of the line. I supposed he expected to build on his own ground. Didn't know anything to the contrary, and did not stop to see or inquire. He told me he was going to have it surveyed. I asked him if he was getting his building on the line, and he said, 'I am going to have a survey of it;' and I supposed he did. Don't remember of seeing the Briley building posts when defendant commenced building. We built a one-story building, about 30 feet long, for a storeroom for moldings and sash, soon after the fire. We didn't know whether it was on the line or not. We built it as close to defendant's building as we could. We didn't have any survey made when we built it. We afterwards sold that building to defendant, and put up a brick building in 1889, as close to defendant's building as we could get. We had the line surveyed, and called Mr. Cogswell's attention to it, and he wanted to buy the land. I told him he would have to move his building. It was when we were getting ready to put in our foundation. He wanted to buy it, provided he could buy it on the installment plan. I consulted some of the board, and they thought we had better not sell it. He did not claim at that time that the company did not own the strip of land. He did not say to me that he thought it would be difficult to find the line, and I did not say to him that I thought so too, because we had had it surveyed, and I supposed the survey correct."

Defendant testified:

"I erected buildings upon this property. Began to build in May, 1884. I located my building by measuring 50 feet from Mr. Jarvis' corner of the house down towards the mill property. Made further efforts to locate the building by the old stakes that were there, and the old foundation and sills."

He was asked:

"Did you see Mr. Long about that time?

"*A.* He was standing by me right along from the time I started until I got through, backward and forward, and passed there every day.

"*Q.* When did you first have any conversation with Mr. Long about that line?

: "*A.* Well, after he put the brick building up, of course, just before he had the brick building put up, he had a survey, and he then remarked that he thought I was on his ground, and I said: 'Well, I don't know; I don't think I am,' I said. He said: 'I guess we shall have to tax you $100 for that;' and I said: 'I want to know what I am going to pay for if I am going to pay $100. I will have a survey, and know what I am getting for my $100.'"

The question presented is whether the testimony conclusively shows that the parties intended that the line as established by defendants should be treated as the true line. We think not. If the jury had found, as a matter of fact, that the plaintiff intended to assent to the line fixed by defendants' building, there may be enough in the testimony to support such a finding; but this is far from saying that the fact conclusively appears. We have no doubt that defendants have a right to make this defense in a suit at law. *Hayes v. Livingston,* 34 Mich. 384;. *Cronin v. Gore,* 38 Id. 381. But mere non-interference with the defendants' occupancy is not enough to constitute a defense until such occupancy has ripened into a title by adverse possession, unless there has been some agreement, express or implied, fixing the line, in which case acquiescence for a less period than 15 years is sufficient; and an acquiescence under circumstances which imply an assent, and which has been followed by a change in the condition of the parties, made on the strength of such acquiescence, is sufficient. *Smith v. Hamilton,* 20 Mich. 433; *Joyce v. Willams,* 26 Id. 332; *Cronin v. Gore, supra;* *Bird v. Stark,* 66 Mich. 654; *Jones v. Pashby,* 67 Id. 459. As was said in *Bird v. Stark:*

"It is undoubtedly true, under our decisions, that, to make an arrangement less than 15 years old binding, it must have been made with the understanding that it should be so regarded."

In the present case there was room for the jury to say that the assent of plaintiff to the line was conditional, and depended upon defendants' establishing the location by a survey; and that, when it saw the building erected, it was upon the understanding that defendants had located the line by an actual survey of the land. We think the question of whether there was such an acquiescence as to estop plaintiff should have been submitted to the jury.

We have not overlooked the defendants' contention that there was no proof offered by the plaintiff to show the true line, the claim being that the surveyor failed to fix definitely the starting point. But we think the testimony of the surveyor Vincent was sufficient to justify the consideration of his testimony by the jury. He testified that he had taken pains to establish the correctness of the stake designating the section corner; that he had used it for many years as a surveyor; that he knew it to be approximately the location of the original government section corner; and that he had used the corner so frequently with reference to other surveys that he was perfectly sure of its correctness, and, if it were not correct, the street to the north and the street to the west and the lots would all be thrown out of line. We think this testimony showed sufficient familiarity with the location of the stake to justify the inference by the jury that he had correctly located the starting point.

For the error pointed out, the judgment will be reversed, and a new trial ordered.

The other Justices concurred.