# Guice *v.* Barr.

*Bill in Equity to establish Boundary Line.*

1. *Equity jurisdiction; establishment of disputed boundary.*—A court of equity has power and jurisdiction to establish disputed boundaries between adjoining parcels of land; and this jurisdiction will be exercised when the obliteration or confusion of the boundary line has resulted from the acts of one of the owners of the adjoining property in fraud of the other's rights, or by failure of such owner to discharge the obligation resting upon him to preserve the correct boundary line.

2. *Same; same; sufficiency of evidence.*—Where, on a bill filed to settle and to establish a boundary line between two adjoining lots, it is averred that the respondent has, at various times, moved the line between the lots and was encroaching upon the complainant's lands, that the true boundary line between such lots had become confused and uncertain, and had been moved at various times by the defendant, against the objection of the complainant, and as the result of all such acts, the true boundary line has become confused, uncertain and obliterated, avers sufficient facts to confer jurisdiction upon a court of equity to establish the boundary line between said lots; and upon proof of such averments, the complainant is entitled to the relief prayed for.

[Guice v. Barr.]

3. *Same; same; office of commissioners.*—The jurisdiction of
courts of equity to establish disputed boundaries is effectu-
ated through the appointment of commissioners, whose duty
it is to go upon the lands, ascertain, fix and mark the true
boundary line, and report their action to the court; and,
therefore, it would be impertinent and beyond the authority
conferred upon such commissioners for them to include in
their report any statement to the effect that they had found,
upon investigation, that the respondent had encroacned upon
the complainant's lot, or that the respondent had obliterated
the line.

APPEAL from the Chancery Court of Barbour.

Heard before the Hon. WILLIAM L. PARKS.

The bill in this case was filed by the appellee, Lizzie
H. Barr, against the appellant, Stella D. Guice, for the
purpose of having settled and established a disputed
boundary line between the adjoining lots owned by the
complainant and respondent, respectively. The aver-
ments of the bill and the facts of the case are sufficienlty
stated in the opinion.

The defendant demurred to the bill, stating in various
ways, the ground that the facts stated therein did not
show that the complainant was entitled to the relief
prayed for. This demurrer was overruled.

On the final submission of the cause on the pleadings
and proof, the chancellor decreed that the complainants
were entitled to the relief prayed for, and appointed
three commissioners "to lay off and establish a line be-
tween the lots of complainant and respondent, and near
as may be to the original line in dispute shown in the
pleadings in this case," etc. The commissioners so ap-
pointed made their report, in which they stated that
upon the day designated by them they went upon the
property accompanied by the agents and representatives
of the complainant and respondent, respectively, and
after hearing the evidence and examining the lines be-
tween the property, they established and fixed a certain
line, which is specifically described in their report. To
this report of the commissioners, the respondent ex-
cepted, upon the following grounds: "1st. Said re-
port is at variance with the evidence upon which the
same is based. 2d. Said report is contrary to the evi-

dence submitted to and considered by said commissioners. 3d. Said report is too vague and uncertain. 4th. Said report fails to determine whether or not the line fixed by the same is different from the line as marked when the bill was filed."

Upon the submission of the cause upon the report of the commissioners, the objections and exceptions to the report were overruled and held for naught, the report was in all things confirmed, and the line as designated and fixed by the commissioners was established by the decree of the court as the correct boundary line between the adjoining lots of the complainant and respondent. The respondent appeals, and assigns as error the rendition of the several decrees.

A. H. MERRILL, for appellant.—If the respondent had committed a trespass on complainant's land, that would not give chancery jurisdiction. An encroachment is a mere trespass, and without more, would not confer jurisdiction. A careful reading of the authorities will sustain the above view and bring the court to the conclusion that the bill should be dismissed.—*Ashurst v. Mc-Kenzie*, 92 Ala. 434; 1 Storey's Equity Jurisprudence, §§ 619, 620; 3 Pomeroy's Eq. Jr., § 1385.

S. H. DENT, JR., *contra.*—The power of a court of equity to settle disputed boundaries between adjacent proprietors of lands is of very ancient origin, and whatever the rule originally may have been, it is not settled that where the boundary has become confused or obliterated by the fraud of one of the parties, or by the failure to discharge an obligation to preserve it, or in order to prevent a multiplicity of suits, a court of equity will assume jurisdiction at the instance of the injured proprietor for the purpose of establishing the same.—3 Pomeroy's Eq. Jur., §§ 1384-85; 1 Storey's Eq. Jur., §§ 619, 620; 4 Amer. & Eng. Encyc. of Law, (2d ed.), 839-840; *Ashurst v. McKenzie*, 92 Ala. 484.

TYSON, J.—The bill in this cause as amended, after averring the ownership of the two adjacent lots to be in the complainant and respondent, giving a description of

each, alleges that the respondent "has at various times moved the line between said lots of your oratrix and the said Stella D. Guice and [it] now encroaches on complainant's lot. That in moving the same, the true boundary line between said lots has become confused and uncertain and that the same has been moved against the objection of your oratrix. That the line was formerly marked by a division fence, but that the said Stella D. Guice has moved the fence at various times so that the original line has become obliterated and the same is now in confusion and uncertainty.  *  *  *  The partition fence having been so frequently moved by said Stella D. Guice in fraud of the rights of your oratrix, the true boundary line has become confused, uncertain and obliterated, and so far as your oratrix is able to ascertain, unknown."

The purpose of the bill was to have the court establish the true dividing line between the adjacent lands of the complainant and respondent, and to that end it prayed the appointment of commissioners to ascertain, fix and mark this line. The averments of the bill clearly make a case for the interposition of a court of equity. The jurisdiction of chancery to establish disputed boundaries is ancient and well defined. And while it does not arise upon any mere dispute as to the location of the boundary line adjoining parcels of land, or even upon a mere dispute as to such location of a confused or obliterated line, it will be exercised when the obliteration or confusion has resulted from the act of the defendant in fraud of the complainant's rights.—*Ashurst v. McKenzie,* 92 Ala. 484; 3 Pom. Eq. Jur., §§ 1384-85; 1 Story's Eq. Jur., §§ 619-21; 4 Am. & Eng. Encyc. Law, (2d ed.), 839-40.

The gradual encroachment upon the lands of complainant by defendant by moving the fence which marked the line between them and thus obliterating the boundary, entitled, if proven, the complainant to a commission and, therefore, to the exercise of the power of a court of equity.—*Butc v. Glamorganshire Canal Co.,* 1 Phillip (Eng. Chancery Rep.) 681; *Boteler v. Spelman,* Finch's Rep. 96; note 2 on p. 840 of 4 Am. & Eng. Encyc. Law, (2d ed.)

What we have said necessarily disposes of the demurrer and the motion to dismiss the bill for want of equity adversely to the appellant. It only remains to be determined whether the complainant has established the allegations of her bill, its equity being denied by the answer. Every material fact testified to by complainant and her witnesses is positively denied by the respondent and her witnesses. The evidence is in hopeless and irreconcilable conflict. The testimony offered by complainant tends strongly to support the averments of her bill of the obliteration of the line by moving the fence and other monuments marking the true boundary, by the respondent's husband, who is shown to have acted for her; while that of the respondent tends to show that she only repaired the fence and that it is on the same line that it has always been. After a careful review of the testimony, we concur with the chancellor in his finding of fact in favor of the complainant and in his appointment of commissioners to establish the obliterated line.

We do not understand that the commission appointed by the chancellor is to determine the facts upon which the equity of the bill rests. That was a matter exclusively for his determination before he was authorized to appoint them. This he did in this case. The duty of the commissioners was simply to go on the land, ascertain, fix and mark the line and report their action to the court. It is not necessary and indeed not proper that they should have incorporated in their report that they found, upon investigation that the respondent had encroached upon the complainant's lot and the extent thereof, or that respondent had obliterated the line. Had they done so, it would have been impertinent and beyond the authority conferred upon hem. They very properly made no mention of these matters, but simply reported to the court the line they had established as the true boundary between the lots.

The respondent's conduct having superinduced the necessity of a resort by the complainant to this proceeding in order to preserve and maintain her rights, we think it would be highly inequitable to require her to pay any part of the costs.

Affirmed.