BROWN *v.* BOWERMAN.

BOUNDARIES—AGREEMENT AND ACQUIESCENCE.

> Where adjoining landowners agree upon a boundary line, and acquiesce in its establishment, so that their relative rights have become changed, the agreement will be binding upon them, although the line was not established according to the old boundary.

Error to Van Buren; Carr, J. Submitted June 10, 1903. (Docket No. 72.) Decided November 9, 1903.

Ejectment by Charles A. Brown against Samuel R. Bowerman. From a judgment for plaintiff, defendant brings error. Reversed.

This is an action of ejectment, brought to recover the following described lands, to wit:

"Commencing 4.64 chains south of the south half quarter post on the north and south quarter line of section twenty-one, town one south, range seventeen west; thence south to a point twenty-three rods thirteen and one-half feet south of said half quarter post; thence west to Lake Michigan; thence northeasterly along Lake Michigan to a point west of the place of beginning; thence east to the place of beginning,—being the lands indicated on Exhibit A annexed, as lying between the point designated by 'Line Claimed by Brown' on the south and 'Fence Line' on the north."

Originally, George and Lucinda Rouse owned all the land on section 21, South Haven township, shown by Exhibit A to be south of the eighth line, supposed to be 34 acres. A number of years ago George and Lucinda Rouse had some domestic difficulty, and separated, and George set off to Lucinda what he supposed to be 7 acres bounded on the north by the eighth line, and made a conveyance whereby the title became vested in her. The testimony

tended to show that he built a sort of fence along the south thereof, extending from figure "1" east, Exhibit A, as shown by annexed plat. In 1888 George Rouse died. October 17, 1888, Lucinda Rouse, his widow, and all of

## EXHIBIT "A."

Map of southwest fractional quarter section 21, South Haven Township, Van . Buren Co., Oct. 28, 1901. W. H. GOSS, Surveyor.

(1) NOTCH IN WOODS AS APPEARS ON MAP OFFERED BY PLAINTIFF.

the other heirs, joined in a deed whereby they conveyed to Josephine Rouse the south 27 acres of the southeast fractional quarter of the southwest fractional quarter of section 21, town 1 south, range 17 west. This land, by proper legal conveyance, came into the possession and

ownership of Fred Bennett, and then to the defendant, Samuel R. Bowerman. August 12, 1890, Lucinda Rouse and all the other heirs of George Rouse joined in a conveyance conveying to William S. Bradley 7 acres of land from and off the north end of the fractional southeast quarter of the southwest quarter of section 21, town 1 south, range 17 west, bounded on the north by Charles Champion, on the west by lake, on the south by Josephine Rouse, on the east by Lake Shore road, being 7 acres of land, more or less.

In 1896 plaintiff began negotiations with Mr. Bradley to purchase the land last above described, at which time the old fence line which it was claimed existed between the north 7 acres and the south 27 acres was obliterated, and the fence row plowed up, and nothing was left whereby the division line as originally agreed upon between George and Lucinda Rouse could be designated. Brown and Bradley struck upon a bargain, but, before making the deed, Bradley, at the request of Brown, caused a survey to be made, in order that the description of the land which was to be deeded to him might be made more certain, and in order that the division line between the so-called 7 acres and the so-called 27 acres might be determined. George C. Monroe, a surveyor, was called, and the whole 34 acres formerly owned by the Rouses was surveyed, and it was found that there was in said piece 33.36 acres, instead of 34 acres. At the time of this survey, Bennett was the owner of the so-called 27 acres, Bradley the owner of the so-called 7 acres, and the defendant, Bowerman, mortgagee under foreclosure. All agreed to abide by the division made by the surveyor, and each thereafter acquiesced in such division. The division line, as established by Monroe, and as agreed upon by Bradley, Bennett, and Bowerman, and as acquiesced in by them and each of them, is indicated at a point marked "Fence Line" on Exhibit A. The land in dispute is south of this line. By this division there were 6.87 acres of land in the so-called 7-acre parcel, and 26.49 acres in the so-called 27-

acre piece.    The amount of land lying between the eighth line and the line marked on Exhibit A as "Line Claimed by Brown" is 8.505 acres; the amount lying south thereof being 24.83 acres.

After the survey was made and the division line agreed upon, Bradley made a warranty deed, and conveyed to plaintiff all that certain piece or parcel of land in the township of South Haven, Van Buren county, Mich., bounded and described as commencing at the south half quarter post on the north and south quarter line of section 21, town 1 south, range 17 west; thence south on the quarter line 4.64 chains; thence west to Lake Michigan low-water mark, 15.42 chains; thence south[north]easterly along the shore of Lake Michigan to the half quarter line, about 19 rods; thence east on the half quarter line 14.27 chains to the place of beginning,—containing 6.87 acres.    Afterwards the plaintiff procured a quitclaim deed from the Rouses, and also a quitclaim deed from Bradley, and it is under these quitclaim deeds that plaintiff claims to have acquired rights to the premises in dispute.    Upon special questions submitted, the jury found "that a division line was agreed upon by Bennett, Bradley, and Bowerman defining and fixing the boundary line between the so-called 7 acres and the so-called 27 acres," and that such boundary line was acquiesced in by them and each of them thereafter, but returned a general verdict for the plaintiff.    A motion was then made that the verdict be set aside, and that judgment be entered for the defendant.

*H. T. Cook* and *T. J. Cavanaugh*, for appellant.

*Wicksall & Cogshall*, for appellee.

MONTGOMERY, J. (*after stating the facts*).    The first error discussed is in the refusal of the court to set aside the general verdict of the jury, and in the same connection may be discussed the refusal of the court to grant a request of the defendant.    The request was as follows:

" Although there may have been an agreed line between the former proprietors of the lands in controversy, yet, if the monuments had been removed or been lost, it was competent for the parties who owned the lands to have a survey, and agree upon a boundary line; and such an agreement would re-establish the boundary line, and would be binding upon the owners who made it or agreed to it, although not established according to the old boundary line."

If this request correctly stated the law, or if the request should have been given with the modification that such re-established boundary line would be binding if acquiesced in and acted upon by the parties, then it follows that the circuit judge was in error in refusing to set aside the verdict and enter judgment for the defendant.

We think, where the parties agree to the establishment of a boundary line, and acquiesce in its establishment, so that the relative rights of the parties have become changed, it is well settled that the parties are bound by such action at law as well as in equity. *Manistee Manfg. Co.* v. *Cogswell,* 103 Mich., at page 605 (61 N. W. 884), and cases cited. We do not overlook the contention of plaintiff's counsel that there was no evidence justifying the submission of this question to the jury. We do not, however, agree with this contention, and think there was testimony from which the jury might have drawn the inference that all parties concerned in this line agreed upon the survey by Monroe, and that both parties thereafter acquiesced in it, and that defendant's grantors changed the character of their occupancy in reliance upon such agreement.

The judgment should be reversed, and the cause remanded, with direction to the circuit judge to enter judgment upon the verdict for defendant. Appellant will recover costs of this court.

The other Justices concurred.