# Hays *v.* Bouchelle.

*Bill to Establish Confused or Obliterated Boundary.*

(Decided May 31st, 1906.   41 So. Rep. 518.)

1. *Boundaries; Establishment; Equitable Jurisdiction.*—The juris-
   diction of chancery to establish disputed boundaries not being
   original or independent, a court of chancery will not undertake
   to establish obscured or confused boundaries in the absence of
   some equity superinduced by the acts of the parties, or those
   through whom they claim.

2. *Bill; Allegation; Sufficiency.*—A bill alleging that complainant
   purchased of respondent, who was the owner of Sections 20
   and 21, Section 20, and received a deed to all of Section 20,
   named township and range; that while said two sections be-
   longed to respondent, or those under whom she claimed, the
   boundary line between the sections was destroyed; that such
   destruction was caused by the negligence of respondent, or
   those under whom she claimed; that the boundary was oblite-
   rated at the time of the purchase, which fact was unknown to
   complainant; that respondent continues to own Sec. 21; that
   respondent, at the time of the sale, did not point out the boun-
   dary to complainant, and refuses to do so, although reques-
   ted; that complainant has attempted to have the boundary
   marked by a surveyor, but has been prevented by threats of
   violence from respondent, makes a case for equitable interfer-
   ence and establishment of boundary, respondent's acts being a
   fraud upon complainant.          ,

APPEAL from Greene Chancery Court.

Heard before HON. THOMAS H. SMITH.

This was a bill filed by E. F. Bouchellé to establish
the boundary line between certain lands described in the
bill.   C. O. Hayes was made the party respondent and
demurred to the bill, and from a decree overruling the
demurrers this appeal is prosecuted.   The facts are suf-
ficiently stated in the opinion of the court.

MAYFIELD & VERNER, for appellant.—The jurisdiction
of chancery to establish disputed boundaries is not an
original or independent jurisdiction but is incidental

and in addition to the disputed or confused boundary, some special equitable ground must exist.—*Stewart v. Coalter*, 15 Am. Dec. 745 and note; *Ashurst v. McKenzie*, 92 Ala. 484; *Norris's Appeal*, 64 Pa. St. 275. Alabama is without statutes on this subject and the proceedings in this case are governed by common law rules. —Authorities supra. In the absence of special equitable ground courts of law are the proper tribunals for the establishment of disputed boundaries.—Authorities supra; *Kittell v. Jensen*, 37 Neb. 685; *Lewis v. Lewis*, 4 Ore. 177. Mere fraud or neglect of duty on the part of one adjoining land owner will not give a court of equity jurisdiction to establish the boundaries unless such fraud or negligent act violated some equitable right for which a remedy in equity would be necessary.—*Pendry v. Wright*, 20 Fla. 828; *Daugette v. Harte*, 5 Fla. 215. Note to 15 Am. Dec. 745.

HARWOOD & McKINLEY, for appellee.—The jurisdiction of chancery to establish disputed boundaries is ancient and well defined. and will be exercised when the obliteration or confusion has resulted from the act of the defendant in fraud of the complainant's rights.— *Ashurst v. McKenzie*, 92 Ala. 484; *Guice v. Barr*, 130 Ala. 570; 1 Storey's Equity Jr. §§ 619-621; 5 Cyc. 951. But the law does not require that the confusion or obliteration of the line be confined to the defendant alone— it is sufficient if it be caused by the fraud or neglect of "those under whom she claims."—Bispham's Princ. Equity, 46; *Hough v. Martin*, (N. Car.) 34 Am. Dec. 406.

The defendant, by prohibiting the running and locating of the line has ratified the acts of those who did obliterate it—and by secretly marking out the false line and taking possession of and claiming all the land east of it (a part of which belonged to the complainant) she has herself been guilty of a fraud—in other words, has fraudulently confused the boundary.—*Guice v. Barr*, 130 Ala. 570; *Ashurst v. McKenzie*, 92 Ala. 484; 5 "Cyc." 951; *George v. Thomas*, (Tex.) 67 Am. Dec. 612; *Gunter v. Ullrich*, (Mich.) 33 Am. Dec. St. Rep. 32; *Kennedy v. Kennedy*, 2 Ala. 593.

It was unnecessary to allege that the location of the boundary line was unknown to the defendant.—*Guice v. Barr,* 130 Ala. 570.

It was not only proper, but necessary, that the bill should allege that the respondent was in possession of some part of the complainant's land.—*Wake v. Conyers,* 1 Eden 331; 2 Lead. Cas. Eq. 318; *Ashurst v. McKenzie,* 92 Ala. 484

As to that portion of section 20 of which the respondent retained possession, after the sale to complainant— the respondent held same as the tenant of the complainant, and it was her duty to preserve the boundaries.— *S. & W. R. R. Co. v. Yancy,* 101 Ala. 238; note to *Stewart v. Coalter,* 15 Am. Dec. 751; *Ashton v. Lord Exeter,* 6 Ves. 293; 1 Storey's Eq. Jur., § 620; *Attorney Gen. v. Fullerton,* 2 Ves. & B. 263.

DOWDELL, J.—The appeal in this case is prosecuted from the decree of the chancellor, overruling the defendant's demurrer to the complainant's bill. The purpose of the bill is to establish the boundary of the land in question, which the bill alleges has been obliterated and become confused. In an elaborate note by Mr. Freeman to the case of *Stuart's Heirs v. Coalter,* reported in 15 Am. Dec. 745, where many cases bearing on the subject are cited, the equitable doctrine in regard to the confusion of boundaries has been ably reviewed and in a most exhaustive manner, and from this review of the authorities the doctrine may be well stated as follows: The jurisdiction of chancery to establish disputed boundaries of land is ancient and well-defined; but it is not an original or independent jurisdiction and "it is accordingly settled, as laid down in the principal case, that a court of chancery will not undertake to settle obscured or confused boundaries of land unless some equity is superinduced by the act of the parties or of those through whom they claim." See authorities cited in note on page 746 of the above case.

According to the averments of the bill in the case at bar, the respondent, being the owner of sections 20 and

21, which she had owned and been in possession of for 30 years, sold and conveyed section 20 to the complainant, a copy of which deed is attached as an exhibit to the bill. By this deed, in the description of the land conveyed, no boundaries are given, but the land is merely described as being "all of section 20" in a certain township and range in Greene county, Ala. The bill avers that during the time that said two sections of land belonged to the respondent, or those under whom she derived her title, the corners and boundary line between said sections were lost, obliterated, and destroyed; that such loss, obliteration, or destruction of said corners and boundaries were caused and allowed by the design, act or negligence of respondent, or of those under whom she claimed said lands; that said corners and boundaries were lost and obliterated at the date on which respondent sold and conveyed said land to complainant, but that the complainant was then ignorant of this fact. The bill further avers that the respondent has been, since the sale by her of said section 20 to complainant, the owner of said section 21, and is still the owner thereof; that the respondent did not at the date of said sale point out to complainant the corners and boundaries of said land sold him, and has not since that date done so, although complainant has requested her so to do. The bill further shows, by its averments, that the complainant employed the county surveyor of Greene county for the purpose of locating and ascertaining the boundary line between section 20 and 21, but was prohibited by the respondent, through her agents, by threats of violence, from ascertaining and locating the corners and boundary line between said sections 20 and 21.

It was undoubtedly the duty of the respondent to have put the complainant in possession of the land, which she had sold and conveyed to him, and likewise a duty to have pointed out the boundary line of the land so conveyed, or at least to have permitted her grantee by a proper survey of the land so conveyed to ascertain the correct boundary. We are clearly of the opinion that, if the allegations of the bill are true as to the acts and

conduct of the respondent, when taken in connection with the averments as to the obliteration and confusion of the boundary line, then the equity of the bill under the authorities is put beyond all question, and the case is one that calls for the interposition of a court of chancery. The acts and conduct of the respondent, charged in the bill, in equity amount to a fraud upon the rights of the complainant, and is such an equity, superinduced by the act of the party, as gives the court jurisdiction under the authorities above referred to. We think the doctrine laid down in our own case of *Ashurst v. McKenzie*, 92 Ala. 484, 9 South. 262, and *Guice v. Barr*, 130 Ala. 570, 30 South. 563, are authorities in support of the complainant's bill. Our conclusion is that the chancellor properly overruled the demurrer, and his decree will be here affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.