HILL v. COLLIER.[†]

(Court of Civil Appeals of Texas. Feb. 25, 1911. Rehearing Denied March 25, 1911.)

1. BOUNDARIES (§ 47*)—ESTOPPEL.

Where it did not appear that plaintiff's testator had actual notice of a resurvey of certain land in controversy by defendant's father, or that she had been caused to do or omit to do anything to her prejudice by reason thereof, plaintiff was not entitled to the benefit of a plea of estoppel.

[Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 47.*]

2. ADVERSE POSSESSION (§ 31*) — DISPUTED BOUNDARY LINE—NOTICE.

Where, in trespass to try title, it appeared that defendant's father procured a resurvey to be made, and filed for record corrected field notes, but did not have his patent corrected in accordance with such survey, the subsequent filing of defendant's deeds, including the land

in controversy within their calls, together with the later removal of the fence so as to include the disputed strip, and defendant's subsequent holding thereof, was notice of an adverse claim which on the expiration of the statutory period vested title to such strip in defendant by limitations.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 128–133; Dec. Dig. § 31.*]

**3. BOUNDARIES (§ 33*)—DISPUTED BOUNDARY—BURDEN OF PROOF.**

In trespass to try title to determine the location of a disputed boundary, the burden was on plaintiff to show that, as originally located and patented, his survey in fact included the land inclosed by the defendant and claimed by him as a part of a later survey.

[Ed. Note.—For other cases, see Boundaries, Dec. Dig. § 33.*]

Appeal from District Court, Hall County; S. P. Huff, Judge.

Trespass to try title by Lyman M. Hill, as executor, against Jackson Collier. Judgment for defendant, and plaintiff appeals. Affirmed.

Elliott & Bryant, for appellant. R. W. Hall and Robt. J. Thorne, for appellee

CONNER, C. J. Appellant, as plaintiff, instituted this suit in the form of trespass to try title to recover a strip of land off of the south end of section 33, block A, certificate No. 17, issued to Adams, Beatty & Moulton, in Hall county, Tex., which it is conceded was owned by appellant's testator, but which appellee had inclosed, claiming it as a part of section 189, block H, of the Beatty, Seale & Forwood surveys, owned by the appellee. Section 189 is the junior survey, and is alleged to conflict with section 33 to the extent that the plaintiff sought to recover. Appellee, defendant below, pleaded not guilty and the three and five year statutes of limitation. The plaintiff replied that defendant's ancestor, after the issuance of the patent to him for section 189, had recognized the conflict by causing a resurvey which located the north line of section 189 at the place where plaintiff now asserts the south line of 33 to be; that the field notes of such corrected survey had been recorded in the district surveyor's office and filed with the Commissioner of the General Land Office, and the line so surveyed recognized by defendant's father for many years; and that, therefore, the defendant was estopped from asserting title by limitation. The judgment was for the defendant, and hence this appeal.

[1] The principal question presented is whether the court erred in refusing to give effect to appellant's plea of estoppel. We have no statement of facts, but the court finds on this subject in his conclusions of fact, which are before us, as follows: "I find: That Z. C. Collier, the father of the defendant, Jackson Collier, and through whom the defendant claims, in October, 1890, the said Z. C. Collier had section 189,

B. S. & F., surveyed by the surveyor of Hall county, Tex., and that he had field notes made thereof giving the boundaries of said section as set out in plaintiff's supplemental petition, and recorded in the surveyor's office of Hall county, and returned the same to and filed in the land office. At the time he did so, his land was patented, giving him his full quantity of land as set out in the original field notes of section 189. He then declared it to be his purpose to have his patent corrected so as to conform to the correction as made by the county surveyor. That he did not have his patent corrected, nor did he ever in any way attach the field notes to the patent, but evidently thereafter changed his purpose. Shortly after having this survey made erected a fence on the north line of the survey as made by the county surveyor then put it, and where plaintiff now claims the south line of section 33 to be. This fence stood at that point until the spring of 1901, and until after the death of Z. C. Collier, defendant's father. The defendant Jackson Collier, after the death of his father, purchased section 189 from the heirs, and, after his purchase in the spring of 1901, he moved his fence on the line where it now stands placing it 5 varas too far north at the northeast corner of his section, as actually run out on the ground and 20 varas too far south of his northwest corner as actually found on the ground. Ever since said date he has been claiming said land inclosed as section 189, to which the state had issued a patent long before that date to his father, and by a regular deed duly recorded from the heirs of Z. C. Collier to himself, using and enjoying the same. He has been, and his father before him had been, rendering the entire section for taxes, and have regularly paid the taxes for each year thereon. His possession of all said section has been continued and adverse since the spring 1901, when plaintiff and his estate and their agents demanded possession constantly refused to surrender the same. This suit was filed in this court April 16, 1909."

It will be observed that the court does not find that appellant's testator at any time had any actual notice of the resurvey made by appellee's father, or that in any manner or degree he was caused to do or omit to do anything to his prejudice. It would therefore seem that the asserted estoppel must fail for want of an essential element. It is of the very essence of an estoppel in pais that the person claiming the benefit thereof shall have been influenced thereby to his prejudice. See Griffith v. Rife, 72 Tex. 185, 12 S. W. 168; Timon v. Whitehead, 58 Tex. 295; Williams v. Chandler, 25 Tex. 4. [2] But, if it be conceded that the record of the corrected field notes gave notice of an intention to correct the patent in accordance with the resurvey, and that, therefore, appellant's

testator was authorized to act and did act upon this assumption, nevertheless the later record of appellee's deeds including the land in controversy within their calls, together with the later removal of the fence so as to include the disputed strip and the subsequent adverse holding, was likewise notice of the contrary claim. See Ramirez v. Smith, 94 Tex. 184, 59 S. W. 258; Collum v. Sanger Bros., 98 Tex. 162, 82 S. W. 459, 83 S. W. 184. And the continued adverse holding under the circumstances found by the court vests in appellee the title by limitation.

Moreover, the conclusions of fact are unassailed, and there is no finding that enables us to say that appellant's survey, though prior in point of time, in fact conflicts with that of appellee as it was originally patented in 1875. On the contrary, the court not only recites field notes and other evidences rendering this uncertain, but also expressly declines to find where the true boundary is. He says: "Owing to the importance of a decision on the boundary question and the fact that the evidence now before us is not as full as I feel it should be, and the further fact that I do not think it necessary in order to properly dispose of this case, I decline at this time to find in the facts and law necessary to locate the true boundaries in this case."

[3] Appellant was the plaintiff in the suit, and the burden was upon him to show that, as originally located and patented, his survey in fact included the land inclosed by the defendant and claimed by him as part of the later survey. Without such finding the plaintiff's whole case falls, regardless of the question of estoppel now relied upon. No request for additional finding is shown by the record, and we cannot in any view of the case, therefore, say that the judgment is wrong.

It follows that the court's conclusions of fact should be adopted and the judgment affirmed, and it is so ordered.