# Davis, et al. v. Grant.

### Bill to Establish Disputed Boundary.

(Decided April 6, 1911. Rehearing denied April 27, 1911.
55 South. 210.)

*Adverse Possession; Agreed Line; Occupancy.*—Where coterminus owners of land agreed on a dividing line, and followed up the agreement by the joint construction of a division fence, and afterwards occupied to the fence, their possession was adverse, and having continued for twenty years, conferred title to the line.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Bill by Winston B. Grant against James H. Davis and another to establish a disputed boundary line. Decree for complainant, and respondents appeal. Affirmed.

GEO. HUDDLESTON, for appellant. The allegations of the bill fall far short of what would have been necessary to have authorized a reformation of White's deed if the latter conveyed land north of the line.—*Turner v. Kelly,* 70 Ala. 85; *Dexter v. Orlander,* 95 Ala. 467. There has been no adverse possession as against respondent.—*Brown v. Cockrell,* 33 Ala. 38; *Walker v. Wy-*

[Davis, et al. v. Grant.]

*man,* 157 Ala. 478; *Taylor v. Fombey,* 116 Ala. 621. The evidence offered by respondent was of the highest class. —*Billingsley v. Bates,* 30 Ala. 376. There was a fatal variance in the pleadings and the proof.—*Helmetag v. Frank,* 61 Ala. 67; *Gilmer v. Wallace,* 75 Ala. 220; *Westbrook v. Hayes,* 137 Ala. 572.

SAM WILL JOHN, for appellee. The bill is filed under section 3052 sub.-div. 5, Code 1907. If two co-terminus proprietors agree upon a dividing line and follow up that agreement by a joint construction of a division fence, and afterwards occupy to the fence, the possession is adverse, and if continued for the requisite time will confer a complete title.—*Brown v. Cockerell,* 33 Ala. 44; *Lucas v. Daniels,* 34 Ala. 193; *Rountree v. Brantley,* 34 Ala. 552; *Farley v. Smith,* 39 Ala. 44; *Marston v. Rowe,* 39 Ala. 725; *Marston v. Rowe,* 43 Ala. 284; *Shorter v. Smith,* 56 Ala. 210; *Humes v. Berustein,* 72 Ala. 556; *Dothard v. Denson,* 72 Ala. 544; *Alexander v. Wheeler,* 69 Ala. 340; *Davis v. Caldwell,* 107 Ala. 529.

SIMPSON, J.—The bill in this case was filed by the appellee to establish a disputed boundary line, under section 3052, subd. 5, Code of 1907. Both complainant and respondents derive title through mesne conveyances from one A. G. Morris, who owned the entire tract of land previous to the year 1883. On the 1st day of January, 1883, said Morris and his wife conveyed to William P. White a portion of the land held by him, describing it as "that part of the southwest quarter of section (18) eighteen, township (18) eighteen, range (2) two west, described by metes and bounds as follows, viz: Commencing at the southwest corner of said section eighteen; thence north twenty chains; thence north

(65° 16') sixty-five degrees and sixteen minutes east ten chains; thence south (70°) seventy degrees east eleven and 70/100 chains (11.70); thence south (3° 30') three degrees and thirty minutes east eleven and 8/100 chains (11.08); thence south (27°) twenty-seven degrees east eight and 94/100 chains (8.94); thence south (87°) eighty-seven degrees west twenty-four (24) chains, to the southwest corner of said section eighteen, containing forty-five and 4/100 acres; situated in Jefferson county, Ala." This is the basis of the title of respondents; and the complainant's title is under subsequent conveyances, commencing January 22, 1887, describing the southern boundary of the lands conveyed as "the lands of William White."

The point of controversy is as to the true location of the northern line of the lands conveyed to White, there being a conflict in various surveys, made at different times, as to the true location of the southwest corner of said section 18; the surveys offered in evidence by the respondents placing said corner about 165 feet north of the point fixed by the surveys introduced by the complainant. The evidence shows that, at the time said Morris sold to White, he (Morris) had the lines run under his own supervision and direction; that the northern line was run in the direction shown, in order to convey to White an orchard in the apex of the angle constituting said northern line, which White had stipulated for; that this line was marked by monuments, and a fence run along it; that White went into possession according to the line thus run; that said line was never disputed "until right recently;" that the line was still marked, or partly marked, by a fence when the respondent Grant bought in 1907; that some of the old rails, marking the "angle line," are there still. In short, the evidence shows that the two coterminous proprietors

fixed and marked the boundary line, and they and successors occupied up to it, claiming the same as the boundary line, for more than 20 years, before the respondents set up any claim to a different boundary line. "If two coterminous proprietors agree upon a dividing line, and follow up that agreement by the joint construction of a dividing fence, and afterwards occupy up to that fence, the possession is certainly adverse, and, if continued for the period prescribed in the statute of limitations, will confer a complete title."—*Brown v. Cockerell*, 33 Ala. 44; *Walker v. Wyman*, 157 Ala. 478, 483-485, 47 South. 1011, and cases cited; 5 Am. & Eng. Ency. Law (2d Ed.) 859, and cases cited; 5 Cyc. 942, and cases cited.

So it is unnecessary to enter into an analysis of the various surveys, and determine which correctly located the southwest corner of section 18. The decree of the chancellor is affirmed.

Affirmed.

McClellan, Mayfield, and Sayre, JJ., concur.