# REPORTS OF CASES

DETERMINED IN

# THE SUPREME COURT
## STATE OF UTAH.

*(Continued from Volume 40)*

## FARR DEV. CO. v. THOMAS et al.

No. 2286.   Decided January 16, 1912.   Rehearing Denied April 18, 1912 (122 Pac. 906).

BOUNDARIES — ESTABLISHMENT — RECOGNITION AND ACQUIESCENCE. Where adjoining landowners have occupied their respective premises up to a certain line, which they and their predecessors in interest have recognized and acquiesced in as the boundary line between their lands for over forty years, neither they nor their grantees or privies in estate will be permitted to deny that such boundary line is the true division line.[1]

APPEAL from District Court, Second District; *Hon. J. A. Howell,* Judge.

Action by the Farr Development Company against Samuel Thomas and another.

---

[1] Holmes v. Judge, 31 Utah, 269, 87 Pac. 1009; Moyer v. Langton, 37 Utah, 9, 106 Pac. 508; Rydalch v. Anderson, 37 Utah, 99, 107 Pac. 25; Young v. Hyland, 37 Utah, 229, 108 Pac. 1124.

Judgment for defendants.    Plaintiff appeals.

REVERSED AND REMANDED for a new trial.

*J. D. Skeen* for appellant.

*Willis & DeVine* for respondents.

STRAUP, J.

The plaintiff in its complaint alleged that it was the owner and entitled to the possession of certain real property, described in its complaint by courses and distances, "more or less." It then alleged "that the east boundary line of said real estate, prior to the acts of trespass by the defendants, as hereinafter specifically set forth, was and for more than fifty years immediately prior thereto has been marked by a certain fence, made of posts, wire, willows, hedge, and brush, which fence from time immemorial has been recognized, acknowledged, and acquiesced in as the true boundary line between the real estate above described and the real estate located immediately east thereof, claimed to be owned by the defendants." It further alleged that the defendants in 1910 wrongfully broke down and removed the old fence, trespassed upon plaintiff's lands, injured its freehold, erected on plaintiff's lands a new fence as and for the boundary line between the properties of the parties, and placed the new fence on a line about 120 feet west of the old fence line.

The action is one seeking to enjoin the defendants from interfering with the old fence line as the boundary line, to restrain them from maintaining the new fence, and from continuing the alleged acts of trespass. The defendants filed a general denial. The plaintiff by a number of witnesses proved that the old fence line for a long period of time—more than forty years—was recognized, treated, and ac-

quiesced in by the parties and their predecessors in interest as the true boundary line, during which time the plaintiff and its predecessors in interest occupied, pastured, and cultivated the lands owned by the plaintiff up to the old fence line, and that, until about the time of the tresspass complained of, neither the defendants, nor their predecessors in interest, claimed beyond it; that the old fence was removed by the defendants, and that they, against the protest and over the objections of the plaintiff, entered upon the lands to the west of such old fence line, erected a new fence about 120 feet to the west thereof, and asserted and claimed the line upon which the new fence was placed to be the east boundary line of plaintiff's land.

The defendants adduced evidence to show that they caused plaintiff's lands, especially the east boundary line thereof, to be surveyed by a surveyor. Thereafter they removed the old fence, and built a new fence in accordance with the survey. One of them testified: "We had a survey made, and afterwards built the fence on the survey." The east boundary line of plaintiff's property as shown by that survey, and the line as shown by the old fence line, are discordant. That is what gave rise to this lawsuit. The court found the line to be as shown by the survey, and rendered a judgment for the defendants. Plaintiff appeals.

We think the judgment wrong. In the cases of *Holmes v. Judge,* 31 Utah, 269, 87 Pac. 1009, *Moyer v. Langton,* 37 Utah, 9, 106 Pac. 508, *Rydalch v. Anderson,* 37 Utah, 99, 107 Pac. 25, and *Young v. Hyland,* 37 Utah, 229, 108 Pac. 1124, we said all that is necessary to be, or that can be, said by us on the question that where owners of adjoining lands have occupied their respective premises up to a certain line, which they and their predecessors in interest recognized and acquiesced in as their boundary line for a long period of time, neither they, nor their grantees or privies in estate, will be permitted to deny that the boundary line so recognized and acquiesced in is the true line of division between their properties.

The judgment of the court below is reversed, and the cause is remanded, with directions to grant a new trial. Costs to appellant.

FRICK, C. J., and McCARTY, J., concur.