(87 South. 370)

TURNER v. DE PRIEST. (4 Div. 897.)

(Supreme Court of Alabama. Feb. 10, 1921.)

**I. Boundaries ⊸28—Bill to establish boundary held to give equity jurisdiction on theory of equitable estoppel.**

Under Code 1907, § 3052, giving courts of chancery jurisdiction to establish and define disputed boundary lines, a chancery court had jurisdiction of a bill alleging that one of two adjoining owners built a fence more than 30 years ago on the line which the owners agreed was the dividing line, that the fence was treated and recognized by both owners as the dividing line until the death of one of them, and was thereafter so treated by the other until shortly before suit was brought, when he built a fence on another line and took forcible possession of the strip thereby inclosed, as it presented an equitable estoppel.

**2. Boundaries ⊸48(3)—After acquiescence for 30 years in boundary fixed by agreement and death of one party other cannot deny line.**

Where adjoining owners agreed on a dividing line and acquiesced therein and held possession pursuant thereto for 30 years or more, one of the owners after the death of the other could not assert or maintain in a court of equity that such agreement and acquiescence had not established the boundary line.

Appeal from Circuit Court, Crenshaw County; A. E. Gamble, Judge.

Bill by J. V. G. De Priest against John W. Turner to establish a disputed boundary line. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

Frank B. Bricken, of Luverne, for appellant.

The court erred in overruling the demurrers. Subdivision 5, § 3052, Code 1907; section 143, Const. 1901; Section 3255, Code 1907; 130 Ala. 570, 30 South. 563; 195 Ala. 518, 70 South. 145; 204 Ala. 269, 85 South. 386.

Lane & Lane and Powell & Hamilton, all of Greenville, for appellee.

Counsel relied on the same authority for an affirmance of the case as those relied on and cited by appellant.

THOMAS, J. The bill to establish an uncertain or disputed boundary line between the lands of coterminous owners was filed under the statute.

The statutory provisions are: "The powers and jurisdiction of courts of chancery extend" to the first four causes long embraced in the statute, and to the new provisions of subdivision 5, "To establish and define uncertain or disputed boundary lines," this latter subdivision being inserted by the Code commissioner. Code 1907, § 3052.

The powers and jurisdiction of chancery courts were extended by statute (long prevailing in this state) to civil causes in which a plain and adequate remedy at law is not provided; to granting relief in cases founded on a gambling consideration; to subjecting an equitable title or claim to real estate to the payment of debts; and "to such other cases as may be provided by law." Code 1896, §§ 638 (720) (616) (698) (602). This court had held that the jurisdiction of courts of equity extended to the establishment of disputed boundaries, and that the jurisdiction is ancient and well-defined, but did not extend to every case of disputed boundary, or every case where the boundary has become confused or obliterated, unless some special ground of equitable interposition is shown, predicated on the fraud or neglect of duty of the defendant, whereby the confusion or obliteration has resulted. Ashurst v. McKenzie, 92 Ala. 484, 487, 9 South. 262; Wadsworth v. Goree, 96 Ala. 227, 10 South. 848; Guice v. Barr, 130 Ala. 570, 30 South. 563; Hays v. Bouchelle, 147 Ala. 212, 41 South. 518, 119 Am. St. Rep. 64; Gulf Red Cedar Co. v. Crenshaw, 148 Ala. 343, 351, 42 South. 564.

When the section concerning the jurisdiction and powers of chancery courts was rewritten for the Code of 1907, the new provision to establish and define uncertain or disputed boundary lines was incorporated. In Billups v. Gilbert, 195 Ala. 518, 70 South. 145, the parties to a suit to "define boundary" had entered into a consent decree fixing the boundary and providing for commissioners to lay it out, but this decree made no provision for a report by the commissioners of the data or evidence upon which they acted. Held that such report as to the true line could not be revised by this court in the absence of evidence of fraud. It was there insisted for appellant that the chancery court was without rightful power, under the definition of its jurisdiction in Code, § 3052, to try and determine title to land adverse to the decisions under the former statute, saying:

"Under the accepted practice in equity to accord full decision in a cause where jurisdiction for a related purpose exists or has been acquired; for 'there is no want of power in a court of equity to determine titles to lands.' * * * Whatever may be the proper interpretation and effect of the addition of subdivision 5 to Code, § 3052, when considered in the light of the two conditions the provision of that subdivision was doubtless intended to meet or to affect, the consent decree * * * did not comprehend the trial or determination of any controverted question of title to the lands, the boundary of which, on one side, was involved."

Thus the question now presented for decision was unnecessary to a decision in Billups v. Gilbert, supra. Again the statute was adverted to in Chappelear v. McWhorter,

⊸For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

204 Ala. 269, 85 South. 386, where on rehearing it is said:

"The third paragraph of the bill avers explicitly that there is a dispute as to the boundary line between the adjacent lands owned by the parties. There is no ground of demurrer testing the sufficiency of this averment, under Code, § 3052, subd. 5. No question of the title to land is projected by any averment in the bill or any implication therefrom."

[1] The bill in the instant case was drawn after a consideration of the decisions touching the question of the disputed boundary line. It avers the source from which complainant derived her title as early as 1873; that her predecessor (George D. De Priest) went into possession of the lands of complainant and so continued until the time of his death, at which time complainant acquired title to the land and has ever since been in possession of the same as the owner thereof. It is further averred that appellant, John W. Turner, for a long period has been the owner in fee simple of the 80 acres of land lying immediately east of complainant's land; that more than 30 years ago, by and with the consent of the complainant's immediate predecessor in title, the said John W. Turner built a fence on a line which said coterminous landowners agreed was the dividing line between their respective tracts of land; that after said fence was built it was treated, known, and recognized by the respective coterminous landowners, one of whom was appellant, as constituting the dividing line between their said lands, and that "it was so treated, recognized, and consented to by them continuously up until the time of the death of the said George D. De Priest"; that she (complainant) further shows that "after the death of the said George D. De Priest said fence and the line upon which the same was built [was so treated as the dividing line between said coterminous owners], said line being the same as when the fence was originally built, continued to be recognized and consented to as the agreed line between the said two 80 acres [tracts] of land by the said John W. Turner and complainant until about five or six months ago."

It is further averred that after said fence was built in manner alleged a ditch was also dug along the line where said fence was erected and along where said ditch was dug as the true division line between the two 80 acres of land above described. It is further averred that, although the true dividing and boundary line between the lands of said parties is as stated, "the said John W. Turner has recently [within the past five or six months] erected a fence along the entire 80 acres of land owned by complainant [and described in the bill] west of the line between the two 80's upon which the fence was erected more than 30 years ago"; that the

strip of land between the line upon which the old fence was erected and the line on which the new fence has been erected extends west from the old fence line 39 to 40 yards to where the new fence is erected, and north and south one-half mile, more or less; that against the protests and over the objections of complainant the said Turner has taken forcible possession of said strip of land and now claims he is owner of the same, and that the true boundary line between the respective tracts of land is where the new fence has been erected, and he disputes and denies that the line upon which the old fence was erected by said Turner and respondent's immediate predecessor in title was the true boundary line between said tracts of land. It is further averred that the boundary line claimed by the said Turner at the time of filing the bill is not the true boundary line between the lands of respective parties, and that by reason of the facts alleged the true boundary line between said lands "is where the old fence was erected more than 30 years ago." It is further charged in the bill that, by reason of acquiescence in the boundary line where the old fence was erected and by it having been understood and treated by the parties as the true boundary line between their lands for a period of more than 30 years, the said John W. Turner "is estopped from claiming or asserting that it is not the true boundary line, and that complainant is entitled to have said line where said fence was erected established as the true boundary and dividing line between her lands and those of the said John W. Turner," and that said respondent at various times had trespassed upon her lands in question along the disputed area, "cut down and removed therefrom several trees and saplings, and otherwise damaged said lands, and is still forcibly holding possession of the same."

The prayer of the bill is that on final hearing the true boundary line of the land owned by respondent and complainant may be established by decree; that a reference be held for the purpose of ascertaining the value of the damages and injuries done to the strip of land mentioned and described in the bill as belonging to complainant; and further and general relief as may be warranted by the facts.

Respondent challenges the sufficiency of the bill by grounds of demurrer: That "there is no equity in the bill"; that a "plain and adequate remedy at law" is open to complainant; and that on the facts averred "there is in law no dispute as to the true boundary line" of the parties. The cause being submitted on demurrers to the bill, it was decreed that the averments of the bill show that for more than 30 years a boundary line has been agreed upon by the coter-

minous landowners as being their true dividing line (Brown v. Cockerell, 33 Ala. 44; Walker v. Wyman, 157 Ala. 482, 47 South. 1011; Davis v. Grant, 173 Ala. 4, 55 South. 210), and that the facts averred showed a dispute as to the boundary line of which a court of equity had jurisdiction, and the demurrers were overruled; wherefore respondent appeals.

[2] We have recently announced that insertion of subdivision 5 in Code of 1907, § 3052, was but declaratory of the common law. Goodman v. Carroll et al., 87 South. 368.[1] However, the averments of the instant bill are sufficient to present an equitable estoppel—the agreement of the parties fixing the boundary line in question and the effect of their acquiescence and possession for 30 years or more, the erecting and maintaining on such established or agreed boundary line the said "fence row" and ditch, and the death of one of the parties bound by agreement and acquiescence before the bill was filed. After the death of plaintiff's immediate predecessor in title, the party agreeing with Turner on the dividing line, said Turner (respondent) may not assert and maintain in a court of equity that said agreement and acquiescence thereunder had not established the boundary line where possession had been held pursuant thereto by such coterminous owners for such long time. 9 Corp. Juris. 236 et seq.; Ivy v. Hood, 202 Ala. 121, 123, 79 South. 587; Knowles Dry Goods Co. v. Gunter, 85 South. 735;[2] Pittman v. Pittman, 124 Ala. 306, 27 South. 242; Brown v. Bowerman, 134 Mich. 695, 97 N. W. 352; Cleveland-Cliffs Iron Co. v. Gauthier, 143 Mich. 296, 106 N. W. 862; Hayes v. Livingston, 34 Mich. 384, 22 Am. Rep. 533; Taylor v. Reising, 13 Idaho, 226, 89 Pac. 943; Farr Dev. Co. v. Thomas, 41 Utah, 1, 122 Pac. 906; Koontz v. Mylius, 77 W. Va. 499, 87 S. E. 851; Hill v. Collier (Tex. Civ. App.) 135 S. W. 1084; Hunter v. Malone, 49 Tex. Civ. App. 116, 108 S. W. 709.

The decree of the circuit court in equity is affirmed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.