[No. 8342.  Department Two.  March 4, 1910.]

WENZEL STRUNTZ et al., Appellants, v. FRANK HOOD et al., Respondents.[1]

JUDGMENT—BAR—MATTERS CONCLUDED—BOUNDARIES—ELECTION OF REMEDIES.  A judgment establishing a disputed boundary line is a bar to a subsequent action of ejectment brought by the same plaintiff against the defendants to recover a strip along the boundary line by right of adverse possession, since the plaintiff elected his remedy in the former action and alleged ownership of the respective parties up to the line, a government subdivision.

Appeal from a judgment of the superior court for Spokane county, Sullivan, J., entered April 13, 1909, in favor of the defendants, upon granting a nonsuit in an action of ejectment.  Reversed.

*Belt & Powell*, for appellants.

*Munter & Lovejoy*, for respondents.

DUNBAR, J.—In 1903 the appellants were the owners of lots 5 and 6, and the north half of the southwest quarter of

[1]Reported in 107 Pac. 352.

section 2, in township 26, north, range 45, east; and the respondents were the owners of lots 1, 4, 5, and 6, of section 3, being the only portion of said section which could be affected by the boundary line. The boundary line was in dispute between these parties, the appellants claiming a portion of the land which was claimed by the respondents. After considerable contention about their respective possessions, the appellants, Struntz and wife, began a suit to have the line between sections 2 and 3 found and located. A commission was appointed to locate the line and it was located practically where it was claimed to be by the respondents. An appeal was taken from that case to this court and the judgment of the court was affirmed. This appeal is found in *Strunz v. Hood,* 44 Wash. 99, 87 Pac. 45, where a more circumstantial statement of the case is made.

Afterwards this action in ejectment was brought by appellants, Struntz and wife, alleging title to the land in dispute by adverse possession. The former action was pleaded in bar and set forth *in extenso,* and the allegations of adverse possession were denied. A demurrer was interposed and was sustained as to the first defense, viz., the plea in bar, and overruled as to the other defenses. The sustaining of this demurrer to the first defense was excepted to by the respondents. The case proceeded to trial and judgment of nonsuit was granted to the respondents, for the reason that the evidence was not sufficient to sustain the allegation of adverse possession. From this judgment this appeal is taken.

After an investigation of the pleadings and testimony, we are of the opinion that the court erred in both the essential rulings made. Without reciting specially the testimony in the case, we are satisfied that, if the case were to rest upon its merits, there was sufficient testimony on the part of the appellants tending to show adverse possession to sustain that claim.

We are also of the opinion that the plea in bar ought to

have been sustained. This, it seems to us, is a simple propo-
sition. The appellants, plaintiffs in the first case, had the
right to select their remedy. They could have brought their
action in ejectment as they have now, or they could proceed
in the way they did by bringing their action to establish or
determine the boundary line, and they elected the latter
method. It is evident, however, that the object sought to
be obtained was the same in both actions, for in the former
suit they alleged that they were the owners to the boundary
line on one side and the defendants were owners to the boun-
dary line on the other side, the boundary line being between
an even or government section in which was embraced the
land of the appellants, and an odd or railroad section in
which was embraced the land of defendants, and asked that
the boundary line be determined. There could have been no
other deduction from the complaint than that the determina-
tion of the line determined the respective titles of the parties
to the action, and having in that case alleged ownership in
the defendants up to the line, they ought now to be estopped
from denying the material allegation in the complaint which
they then made, and which was tried out in that action and
determined against them. Such a practice not only leads
to a multiplicity of suits, which is frowned upon by the law,
but it would in effect be actually trying the same vital issues
in two different actions, notwithstanding one may be termed
an equitable and the other a civil action.

We have not overlooked the case of *King v. Brigham*, 23
Ore. 262, 31 Pac. 601, 18 L. R. A. 361, cited by appellants;
but we think that this case was decided under a misappre-
hension of what were the fundamental principles announced
in *Love v. Morrill*, 19 Ore. 545, 24 Pac. 916, upon which it
seems to have been based. In the latter case, as we view it,
the court was only attempting to announce the doctrine that
a litigant cannot be deprived of his right to a jury trial of
legal questions by bringing an action against him in equi-
table form; that courts of equity have no jurisdiction to try

purely legal titles disentangled from any equitable features; and where it appears, as it did in that case, which was a case of disputed boundary line, that the only controversy between the parties was the legal title to a strip of land claimed to have been acquired by adverse possession, the complaint will be dismissed and the parties relegated to a legal action. This case unquestionably reflects the general rule, so far as the right of trial by jury is concerned, but in this jurisdiction we have arrived at the same result by a more direct and less expensive route; viz., by conceding the right to trial by jury when a case involves questions of fact, instead of subjecting the litigants to loss of time and the expense of dismissing one action and bringing another in the same form involving the same facts and before the same tribunal.

The cause will be reversed, with instructions to overrule the demurrer to the first defense pleaded in the answer.

RUDKIN, C. J., PARKER, MOUNT, and CROW, JJ., concur.