# Williams v. Bryan.

### Ejectment.

(Decided December 7, 1916. 73 South. 372.)

1. **Boundaries; Description.**—The rule that a statement of the quantity of land inserted in a deed by way of description must yield to a natural or permanent object called for in the conveyance, applies to the description of an area excepted from an entire tract granted in comprehensive terms.

2. **Same.**—Where the deed excepts "one and one-half acres off of the southeast corner to a branch," the exception covers the whole of the corner to the branch, although it contains three and one-half acres.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Ejectment by J. M. Williams against Cephas Bryan. Judgment for the defendant and plaintiff appeals. Affirmed.

RUSSELL & JOHNSON, for appellant.   O. A. STEELE, for appellee.

SOMERVILLE, J.—The plaintiff sues in statutory ejectment to recover about 3½ acres of land in the southeast corner of the southwest quarter of section 30, township 11, range 3, east, and bounded on the north and west by a branch running northeast and southwest. Both parties claim through the same grantor, but plaintiff's deed was executed in 1907, and was duly recorded before defendant's deed was executed in 1913.

The only question in the case is whether the description of the land in plaintiff's deed covers the triangular tract sued for. This description is as follows: "The southwest ¼ of section 30, township 11, range 3, east, except one and one-half acres off the southeast corner to a branch, and 1 and ¼ of an acre off the N. W. corner to the bluff of the mountain, making the top of the bluff the line, containing in all one hundred and fifty eight and ¼ acres, more or less."

(1) Plaintiff's contention is that the first exception in the deed is wholly void for uncertainty; or else that, in any event, the excepted area is no more than 1½ acres in a square in the corner—thus leaving within the operation of his grant about 2 acres lying southeast of the branch referred to.

"Quantity, although less reliable and last to be resorted to of all descriptions of boundaries, may, nevertheless, in doubtful cases, have weight as a circumstance in aid of other calls, and in the absence of other definite description it may have a controlling force."— 5 Cyc. 927 (10).

But "a statement of the quantity of land supposed to be conveyed, and inserted in a deed by way of description, must yield to natural or permanent objects called for in the conveyance."— 5 Cyc. 920e.

This is because it is presumed that visible objects mentioned in a deed as boundaries have been examined by the parties.— *Roat v. Puff,* 3 Barb. (N. Y) 353. This rule is just as applicable to the description of an area excepted from an entire tract grant-

[Malone-McConnell R. E. Co. v. J. B. Simpson Audit Co.]

ed in comprehensive terms, as it is to the description of the grant itself.

(2) In the instant deed, it is clear that the exception was intended to embrace the corner of the section extending to the branch, and supposed to contain 1½ acres. Applying the rule of construction above quoted, the declaration of quantity will be rejected, and the stated natural boundary will be retained as the intended limitation upon the tract retained by the grantor. Had the quantity been described as 10 acres, instead of 1½, the result would be the same.

The trial judge might well have given the general affirmative charge for defendant had it been requested, and it is therefore unnecessary to consider the several rulings complained of by the appellant.

Let the judgment be affirmed.

Affirmed.

McCLELLAN, MAYFIELD, and THOMAS, JJ., concur.