[No. 675.  Decided November 21, 1892.]

WILLIAM H. HARRIS, *Respondent*, v. F. J. HAYFIELD, *Appellant.*

REPLEVIN — ESTOPPEL TO DENY POSSESSION.

In an action of claim and delivery to recover a quantity of wheat which had been seized by a constable under a notice of foreclosure given by the holder of a chattel mortgage thereon, the mortgagee is estopped from asserting that the constable was in possession, and not himself, when it appears the mortgagee admitted he had possession of the wheat, and refused to deliver it upon demand made by the plaintiff, and also gave a delivery bond and obtained possession of the property when seized by the sheriff in this action.

*Appeal from Superior Court, Whitman County.*

*Plattor & Kelley, O'Dell & Reed, W. H. Plummer,* and *M. J. Gordon,* for appellant.

*Hanna & McCroskey, J. T. Brown,* and *W. H. Pritchard,* for respondent.

The opinion of the court was delivered by

SCOTT, J. — This was an action of claim and delivery brought by respondent against appellant to recover a quantity of wheat in sacks.  The complaint was in the usual form, and the answer was a general denial.  Verdict and judgment was for the plaintiff, and the defendant appealed. The only ground of error involved in the appeal is, that the evidence is insufficient to justify the verdict.

The defendant, Hayfield, claimed to have a chattel mortgage upon the wheat in question, and sought to foreclose the same by a notice which he delivered to one Stoops, a constable, who seized the property thereunder.  The plaintiff claimed the mortgage had been paid.  The appellant

claims the proof shows that the property at the time the action was brought was in Stoops' possession, and for that reason the verdict should have been for the defendant. There is some controversy as to whether a constable has authority to act under such a notice. The claim is made that the sheriff, or in case of his disability, the coroner, are the only officers who are authorized to act in such cases. It is not necessary to determine this point, however, for in this case it was assumed by the mortgagee, and also by the constable, that the property was in the custody and under the control of the mortgagee. It appears that when the plaintiff demanded possession of the property of the defendant, Hayfield, he admitted he had possession of the same, and refused to deliver it, and informed him that it would have to be sold under the mortgage. The plaintiff also demanded possession of the property from Stoops, and he informed him that he would have to see Hayfield about it. In addition to this, when the property was seized by the sheriff in this action, the defendant gave a redelivery bond, and obtained possession of the property, as provided in the statute. Under all the circumstances of the case the defendant is estopped from denying that he had possession.

The judgment is affirmed.

ANDERS, C. J., and STILES, HOYT and DUNBAR, JJ., concur.