# Johnson *v.* Hattaway.

*Bill to Declare an Absolute Deed A Mortgage.*

(Decided May 21, 1908. 46 South. 760.)

1. *Equity; Decree Pro Confesso; Admissions by.*—Unless the equitable relief sought be authorized by the allegations of the bill the taking of a decree pro confesso is not an admission that the complainant is entitled to equitable relief, nor is it a consent that the relief prayed for may be granted, although it is an admission of the facts alleged in the bill.

2. *Mortgages; Deed as Mortgages; Evidence.*—Parol evidence is admissible to show that a deed absolute on its face was intended to operate as a mortgage.

3. *Same.*—A lease for a term of years, absolute on its face conveying all the timber on a tract of land for a sum stated paid on the delivery of the instrument of lease may be shown to be a mortgage to secure repayment of the amount paid by the lessee.

APPEAL from Coffee Chancery Court.

Heard before Hon. W. L. PARKS.

Bill by R. J. Hattaway against N. B. Johnson. From a decree for complainant, defendant appeals. Affirmed.

The following is a copy of the lease agreement referred to in the opinion: "State of Alabama, Pike County. This agreement, made on the 2d day of September 1903, between R. J. Hataway and Exa Hataway, parties of the first part, and N. B. Johnson, party of the second part, witnesseth: That for and in consideration of certain agreements herein contained to be performed by the said N. B. Johnson, the said parties of the first part, R. J. and Exa Hataway, grant unto the said N. B. Johnson the right to enter upon certain lands hereinafter described, to use all timber on said lands available for turpentine, sawmill, and other pur poses. It is further agreed that the said N. B. Johnson shall have all right and to do such acts as may be necessary for the convenient management of said business

as such business is usually conducted. Said Hataways hereby declare that they are the lawful owners of said land and trees and that there is no lien or incumbrance on same; that they are located in the county of Coffee, state of Alabama, and described as follows: The E. ½ of S. W. ¼ of S. E. ¼, section 10, township 7, range 19, E. ½ of S. E. ¼ and S. ½ of N. W. ¼ of S. E. ¼, section 10, township 7, range 19, and W. ½ of S. W. ¼, section 11, township 7, range 19, located in Coffee county. This lease is to continue for a term of ten years beginning from the date of boxing the trees. The said N. B. Johnson agrees to pay for said lease as follows; one hundred and fifty dollars on delivery of this conveyance, the receipt whereof is hereby acknowledged by the said R. J. and Exa Hataway. And it is further covenanted and agreed that the party of the second part may have the right at any time to assign the lease in whole or in part, and that any assignee of this lease shall have the same right of assignment, and that all the rights and privileges of the party of the second part shall vest in whomsoever may succeed to the interests hereby conveyed to the said party of the second part; and the said party of the first part, for their heirs, executors, and administrators, the said granted and leased timber the right to box, work, and otherwise use the same for turpentine purposes, unto the party of the second part, their heirs and assigns, will forever warrant and defend."

CLAUDE RILEY and JAMES H. WILKERSON, for appellant. Appellant is entitled to appeal from the final decree although a decree pro confesso is taken against him.—*Johnson* v. *Kelly,* 80 Ala. 135; *McDonald* v. *Mobile Life Ins. Co.,* 56 Ala. 468. Under the allegations of the bill the instrument called the lease was not

a mortgage and should not have been declared so by the Chancery court.—*West v. Hendrix,* 28 Ala. 226; *Knaus v. Dreher,* 84 Ala. 319; *Haynie v. Robertson,* 58 Ala. 37; *Swift v. Swift,* 36 Ala. 147; *Adams v. Pilcher,* 92 Ala. 474; *Micou v. Ashhurst,* 55 Ala. 607; *Downing v. Woodstock Iron Co.,* 93 Ala. 268; *Pearson v. Dancer,* 144 Ala. 430; *Peagler v. Stabler,* 91 Ala. 310; *Pearson v. Seay,* 38 Ala. 643; *Pearson v. Seay,* 35 Ala. 612; 27 Cyc. 1003, b; 1006, 1025; *Conway v. Alexander, notes,* U. S. 3 L. Ed. 321; *Hornthrorp v. Neale,* 26 Am. Dec. 594. It not being admitted or conceded that the lease was not what it appears on its face, vesting title to the trees in respondent to the bill, and the question not being as to whether it is a conditional sale or a mortgage, the parol agreement establishing the mortgage must be precise, definite and certain.—*Reeves v. Abercrombie,* 108 Ala. 535; *Rose v. Gandy,* 136 Ala. 329; 27 Cyc., pages 1005, 1006, 1025. 1 Jones Mortgages (6th Ed.) § 286 and Ala. cases cited there.

J. F. SANDERS, and J. A. CARNLEY, for appellant. There being several decrees in the record and it not being shown from which decree this appeal was taken, the court can with propriety decline to review either.— *Kelly v. Degan,* 111 Ala. 156; *Alexander v. Bates,* 127 Ala. 328. The decree of Feb. 9, 1907 and Aug. 9, 1907, cannot be united in one appeal.—Authorities supra; 105 Ala. 834; 132 Ala. 132. The personal judgment against the appellant was proper.—Sec. 856, Code 1896; *Pressley v. McLean,* 80 Ala. 309; *Hastings v. Ala. St. L. Co.,* 124 Ala. The allegations of the bill show that the instrument intended to be declared a mortgage was a mortgage under the intention of the parties.—*Forsyth v. Preer,* 62 Ala. 443; *Shreve v. McGowan,* 49 South. 94; *Smith v. Smith,* 45 South. 168; *Turner v. Wilkerson,* 76 Ala. 361.

SIMPSON, J.—The bill was fiiled in this case by the appellee against the appellant for the purpose of having an absolute deed declared to be a mortgage, etc. Respondent made a motion to dismiss the bill for want of equity, which motion was overruled. A decree pro confesso was taken, followed by a reference and final decree. The assignments of error are to the rendering of the decree overruling the motion to dismiss, the decree declaring complainant entitled to relief and ordering the reference, and the final decree.

The facts set out in the bill are that the complainant owed a balance of $150 on the land described in the bill and applied to respondent for a loan of said money; that respondent agreed to loan it, or to assist him in securing such a loan, if he would secure the same. Thereupon they entered into the written agreement or lease, which is set out in the statement of this case by the reporter. The bill of complaint alleges "that, while said instrument appears upon its face to be an absolute lease of said land, its sole purpose was to secure the said N. B. Johnson in the manner and for the purpose aforesaid, and that it was agreed and stipulated that the said N. B. Johnson should have the right to cut the pine timber upon said lands to the amount and value sufficient to pay the said Johnson said indebtedness, according to the market value of the timber at the time he should cut the same, and in that way the complainant should repay to said Johnson the said loan, and that when thus paid the said Johnson should surrender the lease, and the same should be fully discharged and terminated." It also alleges that the money was obtained from a bank on a note signed by complainant and respondent, which note was afterward paid by respondent, and also that the respondent had cut from said land timber in value largely over the amount necessary to

[Johnson v. Hattaway.]

pay said $150, and denies that there was any agreement other than expressed in the written lease, and prays for a personal decree for the overplus.

"While a decree pro confesso is an admission of the facts alleged, it is not an admission that the complainant is entitled to equitable relief, unless authorized by the allegations of the bill and is not consent that the relief prayed for may be granted."—*Johnson v. Kelly*, 80 Ala. 135, 136; *McDonald v. Mobile, etc. Co.*, 56 Ala. 468. This court has recognized the exception to the general rule of law that a written conveyance cannot be contradicted by parol testimony only to the extent that it may be shown that a deed absolute on its face may be shown to have been intended as a mortgage.

The other members of the court hold that, inasmuch as the agreement described was for the purpose of securing the amount paid by said Johnson, it was in effect a mortgage, and that, consequently there is equity in the bill. The opinion of the writer is as follows:

In order to authorize the court to declare an absolute conveyance to be a mortgage, the testimony "must be clear consistent, strong, and convincing." It is essential to a mortgage that there must be a binding, continuing debt, and where there is no debt a mortgage is impossible. "A mortgage is the conveyance of an estate by way of pledge for the security of a debt, and to become void on payment of it." 4 Kent's Com. 133; 27 Cyc. 957, and notes; *West v. Hendrix*, 28 Ala. 226; *Knaus v. Dreher*, 84 Ala. 319, 4 South. 287; *Haynie v. Robertson*, 58 Ala. 37; *Swift v. Swift*, 36 Ala. 147; *Adams v. Pilcher*, 92 Ala. 474, 8 South. 757*Peagler v. Stabler*, 91 Ala. 310, 9 South. 157; *Pearson v. Seay*, 35 Ala. 612; 27 Cyc. 1903, b, 1006, 1025. According to the statements of the bill as to the agreement, which is sought to be set up in place of the written instrument,

[Deer v. the State ex rel. Tuthill, et al.]

it has none of the elements of a mortgage. There was no debt to be paid by the complainant, but it is distinctly shown that the debt was paid by the conveyance of the timber, and the complainant could not, if he desired, pay it in money. This, then, is simply an attempt to show by parol that a conveyance of all the timber on a tract of land was intended to be operative only as a conveyance of a part of it, which cannot be shown by parol evidence.—*Pearson v. Dancer et al.,* 144 Ala. 430, 431 39 South. 474.

The decree of the court is affirmed.

All of the Justices concur, except SIMPSON, J., who dissents.