(85 South. 336)

### CHAPPELEAR v. McWHORTER.
### (7 Div. 59.)

(Supreme Court of Alabama. Feb. 5, 1920. On Rehearing, May 20, 1920.)

**Equity ⚬232—Bill good in part not demurrable.**

Where bill, as to certain portions thereof, was sufficient as a bill to quiet title under Code 1907, § 5443 et seq., demurrer to the bill as a whole was properly overruled, especially as by another portion of the bill the jurisdiction, under section 3052, subd. 5, of courts of equity to compose disputes over boundary lines, was invoked by averment whose sufficiency was not tested by any ground of demurrer.

Appeal from Circuit Court, Cherokee County; W. W. Haralson, Judge.

Bill by R. A. McWhorter against R. R. Chappelear to acquire title to certain lands and for other purposes. From a decree overruling demurrers to the bill, respondent appeals. Affirmed.

The bill alleges: (1) That complainant is in the peaceable possession of certain lands which are particularly described; (2) that R. R. Chappelear is reputed to own said lands or some part thereof or some interest therein, or to hold some lien or incumbrance thereon, and that there is no suit pending to enforce or test the validity of such title, claim, or incumbrance, and the respondent is called upon to set forth and specify his title, claim, or lien together with the instruments from which same is derived; (3) that the respondent is the owner of certain lands lying adjacent to lands of complainant herein described, and that the line between such land is disputed by the respondent.

Paragraph 4 of the bill sufficiently appears from the opinion as well as the demurrers.

Hugh White, of Gadsden, for appellant.

The bill cannot be sustained as a bill to quiet title. Section 5443, Code 1907, and authorities there cited. The allegations of the bill in paragraph 4 show a continuous and hostile possession in respondent. 128 Ala. 579, 30 South. 60; 145 Ala. 244, 39 South. 578. The bill cannot be maintained, under

---

⚬For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

subdivision 5, § 3052, Code 1907. 173 Ala. 4, 55 South. 210; 195 Ala. 518, 70 South. 145.

Hugh Reed, of Center, for appellee.

On demurrer, the averments of the bill must be taken as confessed, and when so taken they completely answer the asserted grounds. 167 Ala. 448, 52 South. 463; 167 Ala. 587, 52 South. 845; 167 Ala. 593, 52 South. 887; 195 Ala. 518, 70 South. 145; section 3052, subd. 5, Code 1907.

McCLELLAN, J. The defendant's demurrer to the original bill being overruled, he appeals to review that action of the court. The original bill, in paragraphs 1 and 2, would avail of the statutory system for the quieting in equity of the title, etc., to land. Code, § 5443 et seq. Averments presenting this feature of complainant's claim for relief were sufficient to justify the court in refusing to sustain the general demurrer, asserting the want of equity in the bill. Moore v. Alton, 192 Ala. 261, 68 South. 326. The third paragraph of the bill avers that the lands of these parties adjoin and that there is a dispute between them as to the location of the true dividing line; and the fourth paragraph proceeded on the theory (whether well or illy pleaded not being brought into question) that defendant was engaged in damaging, if not destroying, the mineral spring on this land by constantly polluting its waters or otherwise interfering with complainant's property rights therein. The prayers for relief, in addition to a general prayer, consisted with these several theories of right to relief.

What is called in the brief the "special demurrer," addressed to the bill as a whole, contained these grounds only:

"(2) That said bill shows that the complainant has a plain, adequate, and complete remedy at law in an action of ejectment.

"(3) That said bill shows that the complainant has a plain, adequate, and complete remedy at law in an action of trespass.

"(4) That said bill shows that its purpose is to settle a disputed boundary line, and that equity has no jurisdiction of said suit, but that his remedy is at law."

Since the demurrer is addressed to the bill as a whole, error cannot be imputed to the court in overruling the demurrer, the bill possessing equity in respect of its invocation of the statutory system for quieting titles to land, etc. Code, § 5443 et seq.; 5 Mich. Ala. Dig. p. 565, p. 172, noting many decisions applicable here. Furthermore, under subdivision 5 of Code, § 3052, our courts of equity have original jurisdiction to compose disputes over boundary lines. Billups v. Gilbert, 195 Ala. 518, 70 South. 145.

The decree is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.

On Rehearing.

McCLELLAN, J. Two propositions are pressed in opposition to the correctness of the original opinion. It is first insisted that the bill is not sufficient as a bill to quiet title, under Code, § 5443, for that "peaceable possession," on the part of the complainant (appellee), within the purview of section 5443, is not averred in the bill. It is expressly averred in paragraph ten of the bill that the complainant "is in peaceable possession of the" land described in the bill. While paragraph 4 of the bill alleges wrongful acts affecting the purity of the water from the spring on the land, it does not, by implication or otherwise, aver possession or any act of possession on the part of the respondent or of his representative or agent. To construe the paragraph otherwise would involve the interpolation, without warrant, of wholly independent allegations—a process that is not sanctioned in this jurisdiction. Furthermore, as pointed out in the original opinion, the demurrer was to the bill "as a whole"; and there was no ground questioning the sufficiency of the bill in the aspect seeking relief under the statutory system for quieting titles. Code, § 5443 et seq.

The other insistence in the application is likewise unsound. The third paragraph of the bill avers explicitly that there is a dispute as to the boundary line between the adjacent lands owned by the parties. There is no ground of demurrer testing the sufficiency of this averment, under Code, § 3052, subdiv. 5. No question of the title to land is projected by any averment in the bill or any implication therefrom.

The application for rehearing is overruled.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.