(87 South. 368)

**GOODMAN v. CARROLL et al.  (4 Div. 896.)**

(Supreme Court of Alabama.  Feb. 10, 1921.)

**1. Common law ⬳9—Equity principles are part of common law unless changed or unsuitable.**

The principles of equity, unless changed by statute or unsuited to our institutions, are a part of the common law under Code 1907, § 12, providing that the common law, so far as not inconsistent with the Constitution, laws, and institutions of the state, shall be a rule of decision and continue in force except as altered or repealed by the Legislature.

**2. Statutes ⬳212—Unexpressed alteration of laws or change of fundamental principles not presumed.**

The presumption is that the Legislature does not intend to make any alteration in the law beyond what it explicitly declares either expressly or by unmistakable implication, and that it does not intend to overthrow fundamental principles, infringe rights, or depart from a general system of law without expressing its intention with irresistible clearness.

**3. Boundaries ⬳28—Statute does not give equity jurisdiction unless there is some special ground.**

Code 1907, § 3052, subd. 5, providing that courts of chancery have power and jurisdiction to establish and define uncertain or disputed boundary lines, does not change the former rule that, in order to justify interposition by a court of equity, there must, in addition to a dispute as to the boundary, be some special ground of equitable interposition.

**4. Constitutional law ⬳48—Statute construed so as to avoid conflict with constitution.**

Where the language of a statute is not conclusive to the contrary, it is the judicial duty to so construe it as not to conflict with Const. 1901, § 11, protecting and preserving the right of trial by jury.

**5. Boundaries ⬳32—Allegations of bill as to survey by agreement held not to assert an estoppel.**

A bill to establish and define a disputed boundary alleging a survey by agreement of the parties, but not alleging that either party acquiesced in or acted on the survey as a correct ascertainment of the line, but, on the contrary, alleging that defendant repudiated the result, did not assert an estoppel.

**6. Boundaries ⬳54(5)—Survey not made by official surveyor not presumptive evidence.**

Code 1907, § 6023, providing that a survey by the county surveyor is presumptive evidence of the facts stated if the opposite party had notice that such survey was to be made, is not applicable to a survey not made by an official surveyor.

Appeal from Circuit Court, Coffee County; A. B. Foster, Judge.

Bill by F. E. Carroll and others against Mattie Goodman to fix and locate a disputed boundary line. From a decree overruling demurrers to the bill, respondent appeals. Reversed and remanded.

The bill alleges the ownership by Carroll of 200 acres of land, the ownership by Grooms, and that the respondent, Goodman, owns certain lands contiguous to the lands of the complainants, and that the true boundary line running between certain described 40's of Carroll and of Mattie Goodman, extending north and south between the lands of Carroll and the lands of Goodman, is in dispute; Carroll contending that the true line is to the east of the line claimed by Mattie Goodman, and that the line running east and west between certain other 40's owned respectively by Mattie Goodman and F. E. Carroll is also in dispute. The same allegation is made as to the line between the lands of Grooms and Goodman. It is further alleged that Mattie Goodman claims that she is entitled to full 40's in section 25, township 4, range 20, when in fact the 40's owned by Mattie Goodman are fractional 40's, each subdivision containing less than 40 acres.

The other averments of bill are sufficiently shown in the opinion.

W. W. Sanders, of Elba, for appellant.

The addition of subsection 5 to section 3052, Code 1907, is but a declaration in statutory form of the ancient powers of equity, and does not give equity jurisdiction, unless there is suggested some peculiar equity, which arises from the conduct, situation, or relationship of the parties. Pomeroy's Equity, § 1384; 92 Ala. 484, 9 South. 262; 130 Ala. 570, 30 South. 563. The bill does not make out such a case. 187 Ala. 524, 65 South. 798; 195 Ala. 8, 70 South. 261; 9 C. J. 268; 4 R. C. L. 74–76.

J. A. Carnley, of Elba, for appellees.
No brief came to the Reporter.

---

⬳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

McCLELLAN, J. Subdivision 5 of Code 1907, § 3052, reads:

"The powers and jurisdiction of courts of chancery extend— * *⁹ * 5. To establish and define uncertain or disputed boundary lines."

This subdivision is new to the. Code of 1907. At the time this Code was adopted it had been pronounced, upon abundant authority, in Ashurst v. McKenzie, 92 Ala. 484, 487, 9 South. 262, and reiterated in Guice v. Barr, 130 Ala. 570, 30 South. 563, that the jurisdiction of chancery "to establish disputed boundaries is [was] ancient and well defined," that this jurisdiction did "not arise upon any mere dispute as to the location of the boundary between adjacent parcels of land, or even upon a mere dispute as to such location of a confused or obliterated line," and that in order to justify interposition by a court of equity "there must in addition to all this be some special ground of equitable interposition" (italics supplied), illustrating some of the special grounds that would serve the purpose of invoking this ancient and well-defined jurisdiction to establish boundaries.

[1] Such was the definition of this phase of equity's powers when subdivision 5 of section 3052 of the Code of 1907 was incorporated in the body of our statutory laws; the Legislature phrasing the subdivision in practically the exact terms in which this ancient jurisdiction of equity had been expressed or defined. The principles of equity were and are, unless changed by statute or unsuited to our institutions, a part of the common law. Pennock's Estate, 20 Pa. 268, 59 Am. Dec. 718; 12 C. J. pp. 183, 188—192, inclusive.

Code 1907, § 12—its provisions becoming for the first time a part of our statutory system coincidentally with the adoption of the provisions of subdivision 5 of section 3052—provides:

"The common law of England, so far as it is not inconsistent with the Constitution, laws, and institutions of this state, shall, together with such institutions and laws, be the rule of decisions, and shall continue in force, except as from time to time it may be altered or repealed by the Legislature."

[2] Among the accepted rules of statutory construction, here as well as generally elsewhere, are these:

The presumption is that "the Legislature does not intend to make any alteration in the law beyond what it explicitly declares, either in express terms or by unmistakable implication; * * * that it is in the last degree improbable that the Legislature would overthrow fundamental principles, infringe rights, or depart from the general system of law without expressing its intention with irresistible clearness. * * * " Cloverdale Homes v. Town of Cloverdale, 182 Ala. 419, 431, 62 South. 712, 715 (47 L. R. A. [N. S.] 607, quoting Endlich, § 113; 36 Cyc. p. 1145).

Statute which only affirms the common law is to be accorded the meaning and effect given the like rule by the common law. Baker v. Baker, 13 Cal. 87, 95, Field, J., writing; Cumberland Tel. Co. v. Kelly, 87 C. C. A. 268, 160 Fed. 316, 15 Ann. Cas. 1210, Lurton, J., writing.

[3] It appears from the simple terms in which subdivision 5 of section 3052 defines the jurisdiction there contemplated—a jurisdiction ancient and well understood when the statute was adopted—the Legislature did not express or otherwise indicate any intent to modify, contract, or expand the measure of the ancient jurisdiction under treatment in the subdivision, unless that intent is to be implied from the fact that the Legislature did not include the ancient definitive limitations thereon that are stated in Ashurst v. McKenzie, 92 Ala. 484, 487, 9 South. 262, and in the authorities therein cited. The deserved application to the statute of the rules of construction of statutes above alluded to precludes any other conclusion than that the subdivision (5) was only intended to affirm, in that positive form, the ancient jurisdiction of courts of equity as that jurisdiction had been defined in this court in Ashurst v. McKenzie, supra, and elsewhere generally.

[4] Since it is ever presumed that the Legislature does not intend to cast an enactment into conflict with fundamental principles, particularly those established in the paramount form of constitutional guaranties, mandates, or prohibitions, the constitutional protection and preservation of the right of trial by jury (Const. 1901, § 11) requires a construction—entirely permissible without deflecting from or ignoring the effect of the terms in which the subdivision is written— that will avoid rendering the subdivision violative of the cited section of the organic law; and this is the judicial duty where the language employed does not conclude to the contrary.

In Norris' Appeal, 64 Pa. 275, 280, 281, Sharswood, J., writing, the court construed a statute quite similar, though containing much stronger terms, to subdivision 5 of section 3052 of our Code, and concluded that the statute was but a reaffirmation of the ancient jurisdiction of the courts of equity, and confirmed this conclusion, with appropriate reference to the judicial duty to construe inconclusive statutes to avoid conflict with the Constitution, by recourse to the fact that, if the statute should be interpreted as conferring a wider jurisdiction in matters of disputed boundaries, it would violate the Constitution's guaranty of the inviolability of the right of trial by jury. The Oregon court in King v. Brigham, 23 Or. 262, 31 Pac. 601, 18 L. R. A. 361, attained and gave effect to a like conclusion on a similar question. The reasoning of these decisions, with others in their line, present considerations of indubit-

able force and soundness. As appears from the opinions in Billups v. Gilbert, 195 Ala. 518, 520, 521, 70 South. 145, as well as in Chappelear v. McWhorter, 85 South. 386,[1] this question was not decided, being expressly pretermitted in the former and not raised by demurrer in the latter, as was pointed out in the response to rehearing on page 387 of 85 South., page 270 of 204 Ala.

The bill to which the demurrer was overruled avers disputes or uncertainties as to boundaries between three distinct proprietors, along with this allegation:

"They aver that during the month of February, 1920, it was agreed between complainant and the said Mattie Goodman, or her agent, H. A. Goodman, that they would employ a surveyor and establish the true lines between the said lands of Mattie Goodman and these of complainants adjoining, and that a surveyor was employed jointly by said adjoining owners who made a survey and established the true lines, and that complainants were willing to abide by this survey, but said Mattie Goodman objected and refused to abide by such lines so established and now contends that the true lines run through the lands of complainants."

[5, 6] Under the stated proper construction of subdivision 5, the bill does not efficiently state a case within that jurisdiction. In the added allegations in reference to the survey it is not averred that either party either acquiesced in or acted upon the survey as a correct ascertainment of the line. On the contrary, the allegation is that the respondent repudiated the result of the survey. Hence no estoppel is asserted. The survey is not averred to have been made by an official surveyor. Hence the provisions of Code, § 6023, are not applicable.

It is not asserted in the bill that the action taken through the joint employment of the surveyor or his work or its result were intended or had the effect of a common-law arbitration. See Shaw v. State, 125 Ala. 80, 28 South 390; Cooper v. Slaughter, 175 Ala. 211, 57 South. 477. Indeed, the bill's theory and prayer for relief not only places no reliance upon the surveyor's work, but, to the contrary, would invoke the court to appoint commissioners to establish the true line by future action.

The appeal in Turner v. De Priest, 87 South. 370,[2] relating to the establishment or confirmation of questioned boundaries, is this day decided. That appeal presents equitable considerations not shown in the cause at bar.

The demurrer to the bill was erroneously overruled.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.