(89 South. 55)

**LEE v. DUNN et al.    (7 Div. 180.)**

(Supreme Court of Alabama.   May 12, 1921.)

**Boundaries ⊛═26—Bill to establish boundary line must set up ground for equitable interposition.**

A bill in equity, which does not, in addition to alleging a mere dispute as to the location of a confused or obliterated boundary line, set up some ground for equitable interposition, is insufficient.

Appeal from Circuit Court, Cherokee County; W. W. Harralson, Judge.

Bill by C. E. Dunn and another against W. B. W. Lee to establish a disputed boundary line. Decree for complainants, and defendant appeals. Reversed and remanded.

Bill by appellees against appellant, to have ascertained and established a boundary line between the parties. The bill describes the complainants' land, of which they are alleged to be in possession, and the second paragraph averred that the respondent is the owner of certain lands lying adjacent thereto, "and that the line between such lands of complainant and that of defendant is disputed by the defendant." In the third paragraph it is averred that in January, 1920, complainants erected some posts on their land along the line between the parties for the purpose of building a garden fence, and that defendant, without their consent, entered upon complainants' land and removed the same.

The bill was demurred to for want of equity, and for failure to show there ever was any dispute between the parties as to the line, and other grounds. The demurrer was overruled. Answer was filed denying there was any disputed line, but setting up on the part of respondent adverse possession for 20 years to that part of the land on which complainants insist the line should be placed. Testimony was taken, and, the cause being submitted for final decree on pleadings and proof, complainants were awarded relief, and respondent prosecutes this appeal, assigning as error the rendition of the final decree, and also the decree overruling the demurrer to the bill.

J. A. Bilbro and Dortch, Allen & Dortch, all of Gadsden, for appellant.

The demurrer for want of equity should have been sustained. Section 5 of section 3052, Code 1907; 204 Ala. 269, 85 South. 386; 6 May. 91; 195 Ala. 518, 70 South. 145; 153 Ala. 38, 45 South. 580; 202 Ala. 31, 79 South. 367. Counsel discuss other matters, with citation of authority, but in view of the opinion it is not deemed necessary to here set them out.

Hugh Reed and C. B. Sims, both of Center, for appellees.

The bill does not raise a question of title, but simply the true location of the line, and therefore it is a question of law under construction of the instruments of the title. 22 Ala. 699; 204 Ala. 85, 85 South. 396; 186 Ala. 524, 64 South. 611.

GARDNER, J. This is a bill for the establishment of a boundary line; the only averment as to this feature being found in paragraph 2, wherein it is alleged that the line between the lands of the parties is disputed by the defendant.

The bill was filed under subdivision 5 of section 3052, Code of 1907, under the theory that by virtue of this subdivision courts of equity would assume jurisdiction to establish disputed boundary lines under all circumstances, regardless of the limitations as to jurisdiction set up in the decisions of this court, among them Ashurst v. McKenzie, 92 Ala. 484, 9 South. 262. Under these authorities it was well established that, in addition to a mere dispute as to the location of a confused or obliterated boundary line, there must be some ground of equitable interposition. Many of such cases are enumerated in the Ashurst Case, supra.

In the very recent case of Goodman v. Carroll, present term, 87 South. 368,[1] this court has construed the above-cited subdivision as only intending to affirm in positive form the ancient jurisdiction of courts of equity, as that jurisdiction had been defined in the Ashurst Case, and elsewhere. Under this construction, therefore, it is manifest that the

<hr>

⊛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] Ante, p. 805.

bill here did not state a case within that jurisdiction, and the assignment of demurrer for want of equity should have been sustained.

The decree is therefore reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.