(93 South. 878)

**PIPPEN v. CARPENTER et al.** (2 Div. 774.)

(Supreme Court of Alabama. April 27, 1922.)

**1. Appeal and error ⬅184—Supreme Court must examine pleadings and proofs as affording basis for decree passing without objection on questions as to boundary.**

A court of equity not being without power to determine land titles, and having without objection from the parties proceeded to pass on questions as to a disputed boundary, the Supreme Court on appeal must examine the pleadings and proof as affording a basis for the decree.

**2. Boundaries ⬅3(4)—Branch referred to as common boundary becomes such without reference to relative acreages of adjoining tracts.**

A branch referred to in conveyances as a common boundary becomes such without reference to relative acreages of adjoining tracts, under the general rule that boundaries may be more important than quantity in designating lands.

**3. Waters and water courses ⬅38—Small stream held a water course giving rise to riparian rights, though it had been ditched.**

A small stream well sunk and permanent *held* a water course giving rise to riparian rights, though it had at one time been ditched.

Appeal from Circuit Court, Greene County; R. I. Jones, Judge.

Bill by W. W. Pippen against Fannie Carpenter and another to establish boundary line. From a decree denying relief complainant appeals. Affirmed.

S. W. H. Williams, of Greensboro, for appellant.

The appellees having received conveyance to a definite number of acres, that is all they are entitled to; and if their boundary shifts with the stream, their whole tract is an ambulatory one—a reductio ad absurdum. 41 N. J. Eq. 103, 3 Atl. 385; 146 N. C. 311, 59 S. E. 703.

Harwood, McKinley, McQueen & Aldridge, of Eutaw, for appellees.

Where a stream is made the boundary between two parcels of land, it remains the boundary, although the thread of the stream may be changed by slow and imperceptible action of the water. 8 Port. 11, 33 Am. Dec. 267; 23 Wall. 46, 23 L. Ed. 59; 4 R. C. L. 88; 9 C. J. 195; 223 U. S. 605, 32 Sup. Ct. 340, 56 L. Ed. 579. Appellees own all of the section lying north of the branch, irrespective of the number of acres. Where the boundaries are fixed, they govern. 24 Ala. 521; 175 Ala. 423, 57 South. 587; 197 Ala. 675, 73 South. 372.

SAYRE, J. Complainant (appellant), claiming to own that part of the southwest quarter of section 11, township 22, range 1 east, south of Porter's branch in Greene county, filed this bill against his coterminous proprietor on the north side of the branch, averring that, since the quarter section had been divided by reference to the branch or stream in 1835, the stream had changed its course from various causes so that at the present time about seven acres of land is on defendant's side, which were formerly on complainant's. The prayer of the bill is that the court appoint commissioners to mark, define, and establish the true boundary lines between the land of complainant and those of defendant. Answering, defendant averred that the branch had not changed its course, but, if it had, the change had been gradual and imperceptible, and was still the true boundary between the parties. The court heard the witnesses, and was of opinion that Porter's branch was the true boundary between the lands of the parties, and if there had been any change in its course, such

---

change had been gradual and imperceptible, and that the branch was still a visible boundary and needed no marking or other identification.

[1] Without intending to deprecate the decisions in Goodman v. Carroll, 205 Ala. 305, 87 South. 368, and Turner v. De Priest, 205 Ala. 313, 87 South. 370, in view of the fact that there is no want of power in a court of equity to determine the titles to land, and that the court, without objection from the parties, proceeded to a determination of the questions presented by the bill and answer, we think we must examine the pleadings and proof as affording a basis for the decree. Penny v. British & American Mtg. Co., 132 Ala. 357, 31 South. 96; Chappelear v. McWhorter, 204 Ala. 269, 85 South. 386; Billups v. Gilbert, 195 Ala. 518, 70 South. 145.

[2] Certain boundaries are of more importance than quantity in the designation of lands. Stein v. Ashby, 24 Ala. 521; Busbee v. Thomas, 175 Ala. 423, 57 South. 587; Williams v. Bryan, 197 Ala. 675, 73 South. 372. In the conveyances by which the parties deraign title the branch was referred to as a common boundary, and such it became without reference to the relative acreage of the two tracts.

[3] The branch forming the boundary between the parties may be described as flowing over a bed 4 to 6 feet wide and 4 to 5 feet below the general surface of the adjacent soil. It probably owes something of definition to the fact that it was at one time ditched, but although in the examination of the witnesses not much attention was given to the subject, the branch in question appears to have been in its natural state a stream, flowing between definite banks, not a mere surface drain, valuable to attingent proprietors for ordinary domestic or other lawful uses, and so a water course giving rise to riparian rights, among others the right of accretion as defined in the books. 1 Farnham's Waters, p. 329 (2d Ed.) p. 1562 et seq. From the record we have stated supra the opinion formed in the trial court as to change in the course of the stream and accretions to one bank or the other. Consulting the evidence, our conclusion is that the findings of the trial court as to facts must be allowed to stand, and that upon such findings complainant's bill was properly dismissed, which is to say, it is not clear that the channel of the stream has shifted to any material extent, or, if it has, the shifting has been due to gradual and imperceptible changes by reliction and accretion so that defendant's right of access to the water has not been affected. 4 R. C. L. p. 88.

Affirmed.

ANDERSON, C. J., and GARDNER and MILLER, JJ., concur.