(94 South. 516)

## JASPER v. EDDINS. (8 Div. 458.)

(Supreme Court of Alabama. Nov. 9, 1922.)

1. **Boundaries** ⬡⟞32—Complaint to settle boundary dispute must aver facts showing confusion or obliteration of line and giving court equitable right to locate it or establish new line.

A court of equity has jurisdiction to establish and define uncertain or disputed boundary lines, but, to give the complaint equity, it must aver facts presenting a case of confusion or obliteration of the line and giving the court the equitable right to locate the original line or establish an equitable line allowing each party the acreage to which he is entitled.

2. **Boundaries** ⬡⟞26—Bill to settle disputed boundary line held without equity.

A bill, averring that the true dividing line between two adjoining tracts of land was uncertain and disputed, and that defendant was claiming and refusing to surrender possession of lands belonging to complainant to a line considerably north and east of the true dividing line, *held* without equity as a bill to settle a dispute as to a confused or obliterated boundary line, being an attempt to have a court of equity determine the title to and possession of land lying between two asserted lines.

3. **Equity** ⬡⟞420—Decree pro confesso admits facts alleged, but not that they authorize equitable relief or give court jurisdiction.

A decree pro confesso admits the facts alleged in the bill, but not that such facts authorize equitable relief, or give the court jurisdiction of the subject-matter; nor does it consent that such relief be granted.

4. **Equity** ⬡⟞418—Decree pro confesso granting relief prayed by bill without equity not sustained.

Where no defense is made to a bill containing insufficient averments to give it equity and authorize the relief prayed, a decree pro confesso, granting such relief, will not be sustained.

Sayre and Gardner, JJ., dissenting.

Appeal from Circuit Court, Madison County; Robert C. Brickell, Judge.

Suit by William P. Eddins against Cas Jasper. From a decree for complainant, respondent appeals. Reversed and remanded.

S. H. Richardson and Douglass Taylor, both of Huntsville, for appellant.

The bill, to contain equity, must aver some grounds of equitable relief other than disputed boundaries. Code 1907, § 3052(5); 205 Ala. 305, 87 South. 368; 205 Ala. 313, 87 South. 370; 205 Ala. 689, 89 South. 55; 92 Ala. 484, 9 South. 262. A final decree founded on a bill without equity will be reversed on appeal, though no objection was made or taken in the trial court. 126 Ala. 155. 27 South. 971; 58 Ala. 627; 155 Ala. 516, 46

South. 760; 187 Ala. 290, 65 South. 920; 56 Ala. 468; 121 Ala. 425, 25 South. 918.

R. E. Smith, of Huntsville, for appellee.

Brief of counsel did not reach the Reporter.

MILLER, J. This bill was filed by William P. Eddins against Cas Jasper under section 3052, subdivision 5, Code 1907, to establish and define uncertain or disputed boundary lines. There was decree pro confesso against defendant, and a final decree was rendered on the testimony noted, fixing and declaring the boundary line between the lands of the complainant and defendant. This final decree is assigned as error.

The bill of complaint describes the land of complainant and the land of the defendant. Their lands join. It avers the boundary line between them is uncertain and disputed; that complainant contends it is in one place and the defendant contends it is in another place. No survey of the true dividing line between the tracts of land has been made, except one recently made in April, 1920, by the county surveyor. This survey as the bill avers locates the true dividing line considerably south and west of the line contended for by the defendant, and the defendant "refuses to surrender to complainant the possession of his said lands which he now wrongfully withholds," and this land, according to the survey, belongs to complainant.

In Ashurst v. McKenzie, 92 Ala. 484, headnote 3, 9 South, 262, this rule was declared by this court:

"The jurisdiction of chancery to establish disputed boundaries is ancient and well defined. It does not arise upon any mere dispute as to the location of the boundary between adjacent parcels of land, or even upon a mere dispute as to such location of a confused or obliterated line. There must in addition to all this be some special ground of equitable interposition. Such grounds, it is said, may be predicated of the fraud or neglect of duty of the defendant, whereby the confusion and obliteration has resulted; and where the line is marked upon the surface of the ground, and is plowed over and obliterated for the purposes of a fraudulent insistence that it is elsewhere than at its true location; or by a person having at the time possession of his own and the adjoining parcel, and thus being under a duty of maintaining and preserving the demarkation of the two tracts."

[1] A court of equity has jurisdiction to establish and define uncertain or disputed boundary lines; but to give the complaint equity it must aver some facts, some ground, showing right to equitable relief. There is no averment in the bill that the boundary line is confused or has been obliterated, and requesting the court to locate the original line or to establish an equitable boundary

line. There is no 'fact averred giving the court the equitable right to locate or establish and define an uncertain or disputed boundary line, and to allow each party the acreage to which he is entitled. There is no fact averred showing or presenting a case of confusion or obliteration of the boundary line between the joint landowners. This renders the bill to establish and define an uncertain or disputed boundary line between the joint owners of the land defective and insufficient. As such. it is without equity and subject to demurrer. Ashurst v. McKenzie, 92 Ala. 484, 9 South. 262; Lee v. Dunn, 205 Ala. 689, 89 South. 55; Goodman v. Carroll, 205 Ala. 305, 87 South. 368; Turner v. DePriest, 205 Ala. 313, 87 South. 370; Billups v. Gilbert, 195 Ala. 518, 70 South. 145.

[2] It appears from the bill that there is merely a dispute between the parties as to the title to the land lying between the asserted boundary lines of each party, and it is not a bill to settle a dispute as to a confused or obliterated boundary line between the 'lands of the parties. It is an attempt to have the court of equity determine the title to and the possession of the land lying between the two asserted boundary lines of each party, and it is not a bill to settle a dispute as to a confused or obliterated boundary line between the lands of the parties. It is an attempt to have the court of equity determine the title to and the possession of the land lying between the two asserted lines; the bill presents an issue of fact as to the title to the land in question, and within the rule stated in Ashurst v. McKenzie, 92 Ala. 484, 9 South. 262, it shows no ground of equitable relief to locate the true boundary line, and to give each party the acreage to which he is entitled. The bill avers:

"Complainant avers that the true dividing line or boundaries between the two above-described tracts of land which adjoin as aforesaid is uncertain and disputed. The defendant contends that said true dividing line between said tract of land is at one point along the line considerably north and east of the point along the line contended to be the true dividing line, by the complainant. No survey of said land has been made except one recently made about April, 1920, by G. W. Jones, county surveyor. By said survey said dividing line is located considerably south and west of the line contended for by the defendant.

"Complainant further says: That the defendant is claiming the possession of lands to a line considerably north and east of where the true dividing line is, and that he is in possession' of lands which rightfully belong to the complainant, and that he now claims that the line which he says is the true dividing line is the true or real dividing line between the tracts of land hereinabove described, and refuses to surrender to the complainant the possession of his said lands which he now wrongfully withholds."

The decree of the court declares the complainant the owner of and entitled to possession of the land up to the dividing line established by the decree, and directs writ of possession for it to issue against defendant on application of complainant.

In Ashurst v. McKenzie, 92 Ala. 489, 9 South. 263, this court also wrote:

"Chancery jurisdiction to establish disputed boundaries is effectuated through a commission appointed to go upon the land and ascertain, fix and mark the true line, or being unable to determine and rehabilitate the real boundary, to establish a line between the adjacent proprietors which, though it is not assumed or intended to be identical with the original and true line, yet leaves to each proprietor the acreage to which he is entitled. The duty that would devolve upon such commission in this case manifestly would not be the ascertainment and location of the original line, or the establishment of an equitable boundary not identical with the original, but merely a determination upon the contention of the parties pro and con whether one or the other line claimed by them respectively is the true boundary, involving in reality a decision by the commission, subject to confirmation or rejection by the court, as to the ownership of the 10 acres in controversy. And the fact that no commission was deemed necessary or appointed here demonstrates, if anything further were needed to that end, that the court on this bill, and under this evidence, could not, and did not undertake to, dispel confusion as to the boundary, but only undertook to determine a controverted issue of fact as to the title to the land in question. We are very clear that the chancery court was without jurisdiction to this end on the case presented to it. It was not a case of confusion of boundaries. Story, Eq. Jur. §§ 617–621; Miller v. Warmington, 1 Jac. & Walk. 463, 472; Wetherber v. Dunne, 36 Cal. 249."

[3, 4] The defendant did not appear but suffered decree pro confesso to be taken against him. A decree pro confesso admits the facts alleged in the bill; it does not admit the facts authorize equitable relief; it does not admit the facts give the court jurisdiction of the subject-matter; and it does not consent for the relief to be granted. Johnson v. Kelly, 80 Ala. 135; Johnson v. Hattaway, 155 Ala. 516, 46 South. 760. When the bill does not contain sufficient averments to give it equity and to authorize the relief prayed, and no defense is made, and it is taken as confessed, and the court granted the relief, on appeal this decree will not be sustained. The decree will be reversed and remanded. Nat. B. & L. Ass'n v. Ballard, 126 Ala. 155, headnote 2, 27 South. 971; Flewellen v. Crane, 58 Ala. 627, headnote 4; Johnson v. Hattaway, 155 Ala. 516, headnote 1, 46 South. 760; Hodges v. Birmingham Sec. Co., 187 Ala. 290, headnote 1, 65 South. 920.

The facts averred in this bill of complaint are insufficient to give it equity, and to authorize the court to grant the relief given,

evidenced by the final decree assigned as error; and this decree must be reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

SAYRE and GARDNER, JJ., dissent.