(134 So. 468)

## WISE v. MERRITT et al.

### 6 Div. 724.

Supreme Court of Alabama.

April 9, 1931.

Rehearing Denied May 21, 1931.

Rittér, Wynn & Carmichael and Stokely; Scrivner, Dominick & Smith, all of Birmingham, for appellant.

E. H. Cabaniss, Needham A. Graham, Jr., and Douglass P. Wingo, all of Birmingham, for appellees.

SAYRE, J.

A statement of the issues between the parties to this cause may be found in Wise v. Miller, 215 Ala. 660, 111 So. 913. There is no need to repeat. The final decree on pleading and proof went for the defendant Miller, who is the real party in interest among the appellees.

On the evidence now before the court we find it necessary to accept appellant's contention that there was no service such as the

**56**

statute contemplates upon her of the summons and complaint in the original cause, David J. Davis v. Sallie M. Wise and others, in which a certain interest in shares of stock of the American Bolt Company which had been transferred to appellant by her brother Charles H. Merritt, or rather had been transferred to her husband, Marvin Wise, by Merritt, and then by Marvin Wise transferred to her, was condemned to the payment of the debt of Charles H. Merritt and sold at public outcry to Miller, appellee in the present cause. Nor was there service of interrogatories filed in that cause, Davis v. Wise et al., on the defendant there, appellant here. In both instances the court here feels ·bound to accept the testimony of the deputy sheriff who made the returns on the summons in the first instance and upon the notice of interrogatories in the second, and the concurring testimony of appellee, Sallie M. Wise, and her brother Charles H. Merritt, to the effect that the service in both instances was upon Charles H. Merritt, one of the defendants in that cause. Nevertheless, the court here holds that appellee Sallie M. Wise must have been advised of the pendency of that action, Davis v. Wise et al., and, being so advised, cannot now be allowed to bring the decree into question.

Appellee places much store by the opinion of the Supreme Court of the United States in Miedreich v. Lauenstein, 232 U. S. 236, 34 S. Ct. 309, 58 L. Ed. 584, as going to establish the immunity against attack of the decree in Davis v. Wise. It need only be said in that connection that the attack in that case, Miedreich v. Lauenstein, was indirect, collateral. Here the attack upon the decree in Davis v. Wise is direct by bill in the nature of a bill of review, involving a charge of fraud, constructive at least, and must prevail if the facts in evidence sustain the view that Sallie M. Wise was not informed of the pendency of the bill in Davis v. Wise, in which a decree pro confesso was rendered against her and her codefendants in that cause, and, if not so informed, had a good defense. Such is the law of this jurisdiction, and, for that matter, of the federal courts. Wise v. Miller, on former appeal; Dunklin v. Wilson, 64 Ala. 162; Rice v. Tobias, 89 Ala. 214, 7 So. 765.

■ Appellant shows, as we have said, an absence of service by the sheriff or his deputy. But, in order to avoid the decree now complained of, the burden is upon her to show ·by clear and convincing proof both that she had no official notice, nor was informed otherwise, of the pendency of the cause against her of the decree in which she now complains, and that she had and has a meritorious defense. Wise v. Miller, on former appeal. We state our conclusion that appellant has not sustained the averment of her bill as to the lack of notice or information by that weight of evidence required by law in such cases.

Sallie M. Wise and her brother and codefendant in this and in the former suit, Charles H. Merritt, and six others, had inherited equal interests in seven hundred and eighty-one shares of the common stock of the American Bolt Company. Charles H. Merritt was indebted to Davis, complainant in the former bill, and to various other creditors who were pressing him for the collection of their debts. The stock was held by the Birmingham Trust & Savings Bank under the will of the former owner, the mother of Sallie M. Wise, Charles H. Merritt, and six other children. January 20, 1921, Charles H. Merritt executed an instrument in writing purporting to transfer and convey unto Sallie M. Wise his undivided interest in the shares of stock then held by the trust company on consideration of $6,500, which he then owed, to Marvin Wise, husband of Sallie M. Wise, or, possibly to Marvin Wise, who thereupon or thereafter transferred the same to his wife, Sallie M., and, July 11, 1923, Davis filed his bill charging in various alternatives that the transfer of stock by Charles H. Merritt to Sallie M. Wise, or Marvin, was in fraud of his creditors and seeking a decree for the sale thereof for the satisfaction of his claim. Statutory service was had in that cause, as has been stated, not upon Sallie M. Wise, but upon her brother and codefendant Charles H. Merritt. Decree pro confesso was rendered July 14, 1924. Final decree was entered on that service December, 1924, and at a sale of Charles H. Merritt's interest in the stock, January 19, 1925, appellee in this cause, Miller, became the purchaser. The present bill seeks to set aside the decree pro confesso and final decree.

■ The court is not of the opinion that appellant has been able by that clear and convincing proof which the law requires as a prerequisite to relief in such cases to establish her alternative averment that she had "no knowledge or notice" of the bill filed by Davis. She and her husband, Marvin Wise, who died before this cause came to an issue, lived in the same house with Charles H. Merritt, her brother. Charles H. Merritt was indebted to Marvin Wise in a considerable sum, no doubt. Appellant's contention is that he was so indebted in sum of $6,500 in consideration of which his interest in the shares of the American Bolt Company's stock was transferred to her or to Marvin and then to her, the appellant. The other joint owners and the trustee, the Birmingham Trust & Savings Company, were urging a settlement of the trust and distribution of the stock or its proceeds among the owners. But the interest of Charles H. and the fact that various creditors, Davis among the rest, were pressing

him stood in the way. Davis repeatedly interviewed both Marvin Wise and Charles H. Merritt concerning the collection of his debt and his purpose to file the bill in the cause, the decree in which is here and now under review. That bill was pending for more than a year. Merritt's testimony as to what occurred at the time when the so-called service was made by the deputy sheriff was that he met the deputy on the front porch of the residence where he (Merritt) lived with his sister, and, telling the deputy that his sister was ill, took the summons intended for her. The deputy's testimony is to the same effect, but he adds that Merritt said that he would deliver it. That Marvin Wise and Charles H. Merritt were personally served with process in the cause in which was rendered the decree now under attack is not denied. Appellant, Sallie M. Wise, explains her denial of service on herself in another case, whereas the testimony of the deputy serving that paper very satisfactorily showed that she had been served in person, by saying, in substance, that she left all such matters to her husband. It may be conceded that there was no statutory service of the bill and the interrogatories in the original case; but the Merritts, including appellant, were greatly interested in bringing about a settlement of the trust which included the American Bolt Company stock, and that settlement was held back by Charles H. Merritt's financial difficulties, and that fact, in connection with others which we have stated in mere outline, make it necessary to deny that appellant has proved that she knew nothing of the bill against Charles H. Merritt by that clear and convincing evidence which the law requires in such cases. We find ourselves unable to accept the theory that the litigation in that case was pending for more than a year, went to a final decree, and appellant's interest in the stock was offered for sale after due advertisement without knowledge or notice of the fact reaching her attention. We do not think that the proof in this cause is sufficient to overturn the decree rendered in the original cause. It will suffice to defeat the bill for cancellation if complainant, appellant, had notice or knowledge of the suit. To allow cancellation of the decree in the former cause on the ground here presented would be to accord too little solemnity to the judgments and decrees of the courts of the country. Dunklin v. Wilson, supra.

◼ Appellant, while denying notice of the original cause, places the stress of her argument for a reversal upon the proposition that the averments of the bill in that cause, i. e., Davis v. Wise and Merritt, were insufficient to authorize or justify either the decree pro confesso or the final decree there rendered and quotes Johnson v. Kelly, 80 Ala. 136, to the effect that, "while a decree pro confesso is an admission of the facts alleged, it is not an admission that the complainant is entitled to equitable relief unless authorized by the allegations of the bill; and is not a consent that the relief prayed for may be granted," and cites other cases, to wit, National B. & L. Ass'n v. Ballard, 126 Ala. 155, 27 So. 971; Johnson v. Hattaway, 155 Ala. 516, 46 So. 760; Jasper v. Eddins, 208 Ala. 431, 94 So. 516; Hodges v. Birmingham Securities Co., 187 Ala. 290, 65 So. 920, to the same effect. In the original cause, the decree in which is now under review, complainant averred his right to relief in five alternatives, and the argument now is that some of the alternatives were defective, failed to show an equitable right to relief, and, therefore, the decree on this bill in the nature of a bill of review should be referred to an alternative of the original bill that did not support the decree, with result that the decree in the original cause be held for naught. It may be conceded that some of the alternatives were demurrable. But at least the first alternative (paragraph 3 of the original bill) charging that the transfer of Charles H. Merritt's interest in the stock was made with intent to hinder, delay, or defraud transferor's creditors after averring in the forepart of the bill that the complainant there was a judgment creditor of said Charles H. Merritt, stated a good ground for equitable relief, and the judgment now is that the decree pro confesso must be referred to that alternative averment of the original complaint, or that, even though referred to any one other of the alternatives, which averred, in effect, that the transfer to Sallie M. Wise in material part was voluntary or that in making it Charles H. Merritt reserved an interest, the decree would need to be sustained for the reason that said alternatives were defective only in that they failed to aver a fraudulent purpose, though they did show in effect a voluntary conveyance or a reservation of interest which, for aught appearing, complainant in that cause had a right to avoid, if not absolutely, then upon averment of fraudulent purpose. That the bill is demurrable does not of necessity mean that it contains no equity. But there was no demurrer in the original cause, and the court is of opinion that the original decree must be sustained whether it be referred to one or the other of the alternative averments of the bill then before the court.

◼ Finally, complaint is made of the decree on the ground that the evidence fails to show that appellant had no valid defense against the relief sought in the original cause. We may concede that the fact of the existence of such defense is debatable. But, in view of our conclusion that appellant in this cause had notice or knowledge of the bill filed in the original cause and made no defense, it is not a matter about which the court needs

to concern itself that she may have had a good defense against the bill in the original cause. She allowed the decree in that cause to go by default and cannot now be heard to complain. There must be an end to litigation.

The decree is affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.